SEDLEY E. LEE, Appellant, *v.* THE BROOKLYN UNION PUBLISHING COMPANY, Respondent.

Libel — newspapers — reports of judicial proceedings and trials — when such reports are privileged.

When a proceeding in a court was one relating to a matter of which the magistrate had jurisdiction, which the public had the right to hear, and the defendant had the right in the public interest to report, a full, fair and impartial report thereof is privileged (Code Civ. Pro. § 1907), and it is unimportant how the jurisdiction was invoked or exercised, or whether the magistrate in fact had jurisdiction of the person of the accused.

*Lee* v. *Brooklyn Union Publishing Co.*, 151 App. Div. 924, affirmed.

(Argued May 23, 1913; decided October 21, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 13, 1912, affirming a judgment in favor of defendant entered upon a verdict in an action for libel.

On the 31st of July, 1909, the defendant published in its newspaper an article purporting to be an account of a proceeding in one of the Magistrates' Courts in the borough of Brooklyn. A portion of that article is complained of as libelous, to wit:

"Lawyer Perry didn't confine his comments to the case in hand, that of the pastor's sudden draft on the church's available funds, but told of a recent prayer meeting in a little church, which is situated in Erasmus street, during which he broadly hinted that the pastor got away with the collection.

"The lawyer said the colored flock had gathered for an evening of prayer and praise, and had donated generously when the collection plate had been passed. The plate was placed on the table on the pulpit, he said, when the Rev. Sedley Lee announced to the brethren and sisters assembled, 'Let us pray.' The money was all there before the pastor knelt at the table and crossed his hands in an attitude of devotion over the plate, but it was gone when the prayer had been concluded, the lawyer said."

The proceeding thus reported was instituted by a so-called magistrate's summons issued on the 29th of July, 1909, by which the plaintiff was summoned to answer a complaint against him made by one Fannie Stubbs. No sworn complaint or information was filed and no warrant was issued. On the return day of the summons the plaintiff and the complainant each appeared with counsel. When the case was called by the magistrate each of the counsel stated his side of the case and the magistrate thereupon dismissed the proceeding without taking any testimony. The question submitted to the jury was whether the article was an honest and fair report of what took place before the magistrate.

*Alexander S. Bacon* for appellant. The hearing before the magistrate was not a "judicial proceeding." (*McKelvey* v. *March*, 63 App. Div. 396; *People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383.) This case was erroneously tried by the court on the theory that anything said by the lawyer was privileged, whether true or not, and whether relevant or not. (*Moore* v. *M. Nat.*

*Bank,* 123 N. Y. 420; *Sandford* v. *Bennett,* 24 N. Y. 28; *Stuart* v. *Press Pub. Co.,* 83 App. Div. 467; *Park* v. *Free Press Co.,* 72 Mich. 560; *Metcalf* v. *Times Pub. Co.,* 40 Atl. Rep. 864; *Byers* v. *M. Printing Co.,* 95 N. E. Rep. 917.)

*Meier Steinbrink* for respondent. The article was a substantially accurate report of the occurrences in the Magistrate's Court, and thereby constituted a fair and true report, and as such is privileged.. (*Hart* v. *Sun P. & P. Co.,* 79 Hun, 358; *Hughes* v. *N. Y. Eve. Post,* 115 App. Div. 611; *Williams* v. *Press Co.,* 49 App. Div. 35; *D'Auxy* v. *Star Co.,* 31 Misc. Rep. 388; *Lawyers' Co-operative Pub. Co.* v. *West Pub. Co.,* 32 App. Div. 585; Code Civ. Pro. §§ 1907, 1908.) The summons issued in the Magistrate's Court was such process as is recognized in the courts of this state. (*Matter of Hart,* 131 App. Div. 661; *People* v. *Markowitz,* 119 App. Div. 841; *People* v. *Jeratino,* 62 Misc. Rep. 587; *People* v. *Mulkins,* 25 Misc. Rep. 599; *Beiser* v. *Scripps-McRae Pub. Co.,* 68 S. W. Rep. 457; *Stuart* v. *Press Pub. Co.* 83 App. Div. 467.) The statement in the Magistrate's Court by the witness Perry was privileged. (*Youmans* v. *Smith,* 153 N. Y. 214; *Prescott* v. *Tousey,* 21 J. & S. 56; *Perzel* v. *Tousey,* 20 J. & S. 79; *Allen* v. *Crofoot,* 2 Wend. 516; *Beggs* v. *McCrea,* 62 App. Div. 39; *Marsh* v. *Ellsworth,* 50 N. Y. 309; *Sickels* v. *Kling,* 31 Misc. Rep. 387; 60 App. Div. 515; *Hastings* v. *Lusk,* 22 Wend. 410; *Maulsby* v. *Reifsnider,* 14 Atl. Rep. 505; *Willman* v. *Press Pub. Co.,* 49 App. Div. 35; *Walls* v. *Walls,* 32 Atl. Rep. 649; *Seller* v. *Jenkins,* 97 Ind. 430; *Garr* v. *Selden,* 4 N. Y. 91.)

MILLER, J. The rule is not questioned that a full, fair and impartial report of a judicial proceeding is qualifiedly privileged. That was the rule at common law and the statutes of this state so provide. (Laws of 1854, chap.

130; Code Civil Procedure, § 1907.) It is asserted, however, that there was no warrant in law in 1909 for the issuance of a magistrate's summons; that the magistrate had no jurisdiction of the plaintiff; that the charge made against him was not supported by an oath, and that the proceeding was not judicial.

It is to be observed that this is not a case of absolute privilege, which attaches to judicial proceedings, nor is it a case of qualified privilege resting upon some duty or interest of the one making the publication. Cases under those heads have little or no relevancy, and, as no case directly in point in this jurisdiction has been discovered by us or called to our attention, we must look to the reason upon which the claim of privilege in this case must rest. The obvious reason is the public interest in having proceedings of courts of justice public, not secret, for 'the greater security thus given for the proper administration of justice. For that reason it was early provided by statute in this state that " the sittings of every court within this state, shall be public, and every citizen may freely attend the same." (1 R. S. part 3, chap. 3, § 1; see, also, Judiciary Law, § 4.) The public generally may not attend the sittings of the courts, but they may be kept informed by the press of what goes on in the courts.

Does this case, then, fall within the reason for the rule? The proceeding was in open court where any citizen had the right to be. The magistrate assumed to act as such. The inquiry related to a matter of which he had jurisdiction. Under those circumstances we consider it unimportant to the question in hand how his jurisdiction was invoked or exercised, or whether he in fact had jurisdiction of the person of the accused. The reporter could not be expected to know whether all of the requirements of law had been complied with, or whether everything said in the course of the proceeding was strictly relevant to the subject of the inquiry. He was required, if he made any report at all, to make it full, fair and impartial, but

he was not bound, nor was the defendant bound at its peril, to determine doubtful questions of law. The point is that the proceeding was one which the public had the right to hear and the defendant had the right in the public interest to report.

While we have found no controlling authority in point, the English decisions strongly support the conclusion which we have reached. (*Lewis* v. *Levy,* 27 L. J. Q. B. 282; *Usill* v. *Hales,* 47 L. J. C. P. 323; *Kimber* v. *Press Association,* 62 L. J. Q. B. 152.)

The judgment should be affirmed, with costs.

Cullen, Ch. J., Gray, Willard Bartlett, Chase, Cuddeback and Hogan, JJ., concur.

Judgment affirmed.