ANNE M. CAMPBELL, Appellant, *v.* NEW YORK EVENING POST, INC., Respondent.

Libel — evidence — statutory construction — privilege — statute providing defendant in action for libel may prove other recoveries by plaintiff, not retrospective — commencement of action by filing pleading a judicial proceeding and publication of fair report of contents of complaint privileged — whether publication is a full and fair report of proceedings or malicious and libelous questions for jury.

1. Section 338-a of the Civil Practice Act, providing that in a civil action for libel defendant may prove that plaintiff has already had recoveries for the same libel against other newspapers, applies only to causes of action accruing subsequent to September 1, 1924. Such evidence was properly excluded, therefore, in an action to recover for an alleged libel published in March, 1922.

2. A plea of privilege under section 337 of the Civil Practice Act, providing that no civil or criminal action for libel may be maintained against the publisher of a newspaper for the publication " of a fair and true report of any judicial * * * proceedings " without proof of malice, is properly upheld, in an action for libel alleged to consist in the publication in defendants' newspaper of an article stating that an action had been commenced against plaintiff herein for fraud; and this, notwithstanding the case had not been brought before a court or judge. The filing of a pleading is a public and official act in the course of judicial proceedings and the publication of a fair and true report thereof is privileged.

3. If it cannot as matter of law be said that the publication complained of is a full and fair report of the proceedings to date or that the headlines of the article, which designate it as a swindle charge, read in connection therewith are not libelous, or that actual malice is not shown, the complaint should not be dismissed.

*Campbell* v. *New York Evening Post*, 219 App. Div. 169, reversed.

(Argued May 17, 1927; decided May 31, 1927.)

APPEAL from a judgment, entered December 14, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*W. Davis Conrad* for appellant.    The court below erred in holding that the trial court should have admitted evidence of other recoveries alleged to have been secured by the plaintiff for the same libel.    (*Sackheim* v. *Pigueron*, 215 N. Y. 652; *Sanford* v. *Bennett*, 24 N. Y. 20; *Quinlan* v. *Welch*, 141 N. Y. 158; *Reinhardt* v. *Fritsche*, 69 Hun, 565; *People* v. *O'Brien*, 111 N. Y. 60.)    The court erred in holding that the mere service and filing of a summons and complaint and answer constitute a " judicial, legislative, or other public and official proceeding " within the meaning of section 337 of the Civil Practice Act.    (*Cowley* v. *Pulsifer*, 37 Mass. 392; *Newfield* v. *Copperman*, 47 How. Pr. 87; *Williams* v. *New York Herald Co.*, 150 N. Y. Supp. 838; *Stuart* v. *Press Pub. Co.*, 22 N. Y. Supp. 401.)

*David Paine* for respondent.    Evidence of other judgments obtained, or agreements for compensation in respect to libels of similar purport, was properly admissible, and its exclusion was error.    (*Matter of Davis*, 149 N. Y. 539; *Southwick* v. *Southwick*, 49 N. Y. 510; *Lazarus* v. *M. E. R. Co.*, 145 N. Y. 581; *Peace* v. *Wilson*, 186 N. Y. 403;

21

*Matter of Palmer*, 40 N. Y. 561; *Curtis* v. *Leavitt*, 15 N. Y. 9; *Southern Life Ins. Co.* v. *Packer*, 17 N. Y. 51; *Defendorf* v. *Defendorf*, 42 App. Div. 166; *Matter of Potter*, 106 Misc. Rep. 113; *Sackheim* v. *Pigueron*, 215 N. Y. 62.) The Appellate Division correctly held that the article was qualifiedly privileged under section 337 of the Civil Practice Act. (*Newfield* v. *Copperman*, 47 How. Pr. 87; *Williams* v. *New York Herald Co.*, 165 App. Div. 529; *Colonial City Co.* v. *Kingston R. R. Co.*, 154 N. Y. 493; *Cohens* v. *Virginia*, 6 Wheat. 264; *Perkins* v. *Mitchell*, 31 Barb. 461; *Stuart* v. *Press Pub. Co.*, 83 App. Div. 467; *Ashcoft* v. *Hammond*, 197 N. Y. 488; *Bingham* v. *Gaynor*, 141 App. Div. 301; 203 N. Y. 27; *Hoey* v. *N. Y. Times*, 138 App. Div. 149; *Sherman* v. *International Publications, Inc.*, 214 App. Div. 437.)

POUND, J.   The alleged libel consists in the publication of and concerning the plaintiff by the defendant of an article which, under headlines:

> " Healer and Inventor Face Swindle Charge.
> Mrs. Elizabeth Nichols Says They Took
> $16,000 from Her Through Fraud,"

stated of plaintiff, widely known as a Christian Science practitioner, that she was named as a codefendant with one Canton, a prominent inventor of remarkable devices, in a suit filed in the Supreme Court by attorneys for Mrs. Elizabeth S. Nichols, a wealthy widow, to recover $9,000, alleged to have been invested by her in a company promoted by defendants, and a loan of $7,000, alleged to have been made by her to them, the investment and loan having been made by reason of a great and controlling mental influence which the plaintiff in this case obtained over her. The complaint herein alleges that these allegations of fraudulent practices on her part were false and defamatory and that plaintiff was damaged by the publication thereof by defendant.

The answer sets up the bringing of the action against

plaintiff and Canton by Mrs. Nichols and the filing of a complaint therein in the office of the clerk of New York county containing the allegations set forth in the article and pleads as matter of defense that such article was a fair and true report of a judicial proceeding or other public and official proceeding published without malice and, therefore, privileged. Plaintiff had filed an answer to the fraud action. She had also when interviewed denied all the material allegations of the complaint as appeared in the article in the New York *Times* from which the article in suit was rewritten.

On the trial the trial justice excluded evidence that the plaintiff had already had recoveries for the same libel against other newspapers. The article was published in defendant's newspaper on March 30, 1922. On September 1, 1924, section 338-a of the Civil Practice Act took effect. It reads as follows:

" § 338-a. Evidence in action for libel. At the trial of any civil action for libel, the defendant may prove, for consideration by the jury in fixing the amount of the verdict, that the plaintiff has already recovered damages, or has received, or agreed to receive, compensation in respect of a libel or libels of a similar purport or effect as the libel for which such action has been brought."

The Appellate Division held that this was error. The question is whether the provision operated retrospectively so as to affect causes of action which had accrued before it went into effect.

In *Isola* v. *Weber* (147 N. Y. 329) it was held that the provision in the Constitution of 1894 which removed the $5,000 limitation on the recovery in actions for injuries resulting in death was not to be construed retroactively. The court adopted the reasoning of FOLLETT, J., in the case of *O'Reilly* v. *Utah, etc., Co.* (87 Hun, 406). The rule as stated by FOLLETT, J., may be summarized as follows: A statute which imposes a greater liability on defendants and confers an additional benefit on plaintiffs

in actions to recover damages for wrongs is not construed to have a retroactive effect in the absence of circumstances of its adoption establishing a contrary intent. The converse of the proposition is equally sound. (*Sanford* v. *Bennett*, 24 N. Y. 20.) In *Sackheim* v. *Pigueron* (215 N. Y. 62) the question was as to the effect of section 841-b of the Code of Civil Procedure, which provided: " On the trial of any action to recover damages for causing death the contributory negligence of the person killed shall be a defense, to be pleaded and proven by the defendant." Without citation of the *Isola Case* (*supra*) the court held that this statute should be construed retrospectively, because " it did not affect the liability of the defendant for the injury caused by the death of the deceased, but was merely a rule as to the burden of proof to be applied upon the trial of the action." The distinction is clear between a change of procedure which may add to the burdens of the party on the trial but leaves the rule of liability unchanged and a change in the rules of evidence which permits proof, theretofore inadmissible, in mitigation of damages and thereby tends to lessen the amount recoverable by the plaintiff. If the Legislature had designed to minimize the wrong done to a plaintiff by a libelous publication in the past, it is reasonable to assume that it would have used apt words for that purpose. As nothing reveals such intention the amendment would, by the application of established rules of statutory construction, apply only to causes of action accruing subsequent to September 1, 1924.

The Appellate Division went further. It sustained defendant's plea of privilege in full under Civil Practice Act, section 337, and dismissed the complaint. The section reads as follows:

" § 337. Proof of malice in action for libel. An action, civil or criminal, cannot be maintained against a reporter, editor, publisher, or proprietor of a newspaper, for the publication therein of a fair and true report of any judicial,

legislative or other public and official proceedings, without proving actual malice in making the report.

" This section does not apply to a libel contained in the heading of the report; or in any other matter added by any person concerned in the publication; or in the report of any thing said or done at the time and place of the public and official proceedings which was not a part thereof."

Judicial proceedings have been repeatedly defined as proceedings before a court or judge. Numerous cases in England and in the States hold that the rule of privilege does not apply to pleadings which, though filed, have not yet received judicial notice. (*Stuart* v. *Press Pub. Co.*, 83 App. Div. 467; *Williams* v. *New York Herald Co.*, 165 App. Div. 529; *Lundin* v. *Post Pub. Co.*, 217 Mass. 213; Burdick's Law of Torts [4th ed.], p. 391; Newell's Slander & Libel [4th ed.], p. 412; 27 Columbia Law Review, p. 225, and cases cited.) The English Law of Libel Amendment Act, 1888, extends the privilege only to reports of " proceedings publicly heard before any court exercising judicial authority." It was seriously contended by COOLIDGE, Ch. J., that there should be a final decision before the publication of a report of the proceedings would be privileged, but in *Kimber* v. *Press Association* (1893) (1 Q. B. D. 65) the court came to the conclusion that the privilege existed if in the end there must be a final decision.

The English law plainly excludes from consideration pleadings filed but not acted on in open court. With us the question is whether they may be brought under the head of judicial, public or official proceedings. The privilege has been gradually extended to all matters which have been made the subject of judicial proceedings in any court of record or not of record and whether such proceedings may be preliminary or interlocutory or even *ex parte*. (Odgers on Libel & Slander [5th ed.], p. 308; *Lundin* v. *Post Pub. Co.*, *supra*.) Arguments which met

with no favor seventy or eighty years ago have prevailed with the courts in recent years. ( *Usill* v. *Hales*, 3 C. P. Div. 319.) The test which remains is said to be whether the pleading has come before a court or judge and been made the subject of judicial action. If it has not received the formal oversight of a court or judge as a basis for action, no matter how public or how effective in character as a part of a law suit it may be, it is urged that the privilege does not exist. The rule has not escaped criticism (Mich. Law Rev. Mar. 1926) and it has been ignored in Pennsylvania. (*Mengel* v. *Reading Eagle Co.*, 241 Penn. St. 367.)

The incongruous result follows that a newspaper may freely, if without actual malice, publish the contents of a complaint if it has been read and filed on an *ex parte* application for an injunction, an order of arrest, an attachment or an order of publication, yet if the complaint has merely been filed as a public document in a public office, the newspaper which publishes its contents runs the risk of repeating a libel. Such incongruities are the inevitable result of the endeavor of the courts to mitigate by piecemeal the harshness of the old rules which protected only reports of trials in open court.

In New York writ process no longer exists. An action is begun by the service of a summons with or without a complaint. The summons is the mandate of the court (Civ. Prac. Act, § 218) and is subscribed, except when the party appears in person, by an attorney who is an officer of the court. The pleadings in an action in the Supreme Court may be filed in the office of the county clerk, who is the clerk of the court (Civ. Prac. Act, § 100), and when so filed they become public documents. A law suit from beginning to end is in the nature of a judicial proceeding. Civil Practice Act (§ 4) provides:

" § 4. ' Action ' defined. Actions are of two kinds, civil and criminal. The word ' action,' when applied to *judicial proceedings*, signifies an ordinary prosecution in

a court of justice by a party against another party for the enforcement or protection of a right, the redress or prevention of a wrong or the punishment of a public offense."

To publish truly and without malice of one that an action has been brought against him for fraud, seduction, assault, breach of promise, divorce, et cetera, has become so common that the opportunity is seldom passed in silence except when forbearance or obscurity protects the victim. So general has this practice become that the public has learned that accusation is not proof and that such actions are at times brought in malice to result in failure. To say that the newspapers may freely publish the entire proceedings in a case from an *ex parte* application for an order of arrest or other remedial process under the protection of privilege, but may speak only at their own risk before the case actually comes before a court or judge in some form, is to make a distinction to which publishers give little heed.

Mr. Justice HOLMES in *Cowley* v. *Pulsifer* (137 Mass. 392), after putting aside various rhetorical and politic reasons for the rule, says that it rests on " the plain distinction between what takes place in open court, and that which is done out of court by one party alone." But with us the act of one party institutes the action. The service of the summons begins the suit. A newspaper may publish of A that B has begun an action against him by the service of a summons. No reticence is demanded on that score. It may go further and state that the complaint has been filed in the county clerk's office. To stop there and hold that the newspaper states the contents of the complaint at its peril is to revive a rule of privacy in relation to litigation that no longer has substance. To say that privilege protects the publication of the complaint when the summons is served by order of the court on a non-resident and does not protect the publication when the defendant is a resident

is to state a distinction that has no basis in common sense. We are not bound to keep up such frivolous legal fictions. Judicial proceedings in New York include in common parlance all the proceedings in the action. We may as well disregard the overwhelming weight of authority elsewhere and start with a rule of our own, consistent with practical experience.

Questions of public policy should be considered. In this case it appears that the action against plaintiff was discontinued; that Mrs. Nichols thus got her alleged false and scurrilous charges before the public as news and then dropped her case. It is contended that such acts should not be deemed privileged so as to protect the publisher. The contention is too far reaching. Scandalous matter may come before the public in connection with law suits. Personal malice may thus be given a hearing. A complaint withdrawn may not be the vindication that a decision favorable to the accused would be. But complaints are withdrawn after applications have been made to the courts and suits have been dropped before verdicts. Consistency requires us to go forward or to go back. We cannot go back and exclude the publication of daily reports of trials before a final decision is reached. The present distinction is indefensible. Therefore, we proceed to a logical conclusion and uphold the claim of privilege on the ground that the filing of a pleading is a public and official act in the course of judicial proceedings.

The complaint should not have been dismissed. As matter of law it cannot be said that the publication complained of is a full and fair report of the proceedings to date or that the headlines of the article read in connection therewith are not libelous, or that actual malice may not be proved. Swindling has a criminal connotation. (Penal Law, § 1290.) Headlines are not privileged unless they are a fair index of the matter contained in a truthful report. (*Lawyers Co-op. Pub. Co.* v. *West Pub. Co.,* 32 App. Div. 585, 590.) It is for the jury to say whether

the publication fairly implies that defendant in the fraud action had been sued civilly and that she denied all the charges against her. (*Rovira* v. *Boget*, 240 N. Y. 314.) The privilege thus extended must be kept strictly within proper bounds (*Sanford* v. *Bennett, supra*), and not extended beyond the limits of the statute.

The judgments should be reversed and a new trial granted, with costs to abide the event.

Cardozo, Ch. J., Crane, Lehman, Kellogg and O'Brien, JJ., concur with Pound, J.; Andrews, J., concurs in result.

Judgment accordingly.