Johnston, J.
On April 6, 1948, plaintiff’s wife commenced. an action for separation against plaintiff in the Supreme Court, New York County. In that action she served a notice of motion for temporary alimony, counsel fees, to strike out defenses, and for a bill of particulars, together with supporting affidavits, including her own affidavit. No opposing affidavits were ever served, the motion was never argued or submitted, and on August 13, 1948, the motion was withdrawn. On the *615 same day an order was made permitting the withdrawal of the motion. On August 14, 1948, this order was entered and, at the same time, the motion papers were filed in the office of the county clerk.
On August 18 and 19, 1948, defendant published in its newspaper articles concerning plaintiff, which articles, if as alleged, were false, were libelous. The source of the information in the articles was the affidavit of plaintiff’s wife in support of the motion heretofore described. As a result of the publication of these articles, plaintiff alleges he has been damaged in his good name, business reputation and social standing and, in addition, that he has suffered serious financial loss. In his complaint plaintiff alleges that his wife’s affidavit and all other papers in the separation action filed in the office of the County Clerk were not open or available for inspection by defendant, and were barred'from such inspection by rule 278 of the Rules of Civil Practice. Plaintiff also alleges that defendant, without court order or other authority, illegally, improperly and maliciously obtained from the files of the court and the County Clerk an inspection, excerpts, and a copy of his wife’s affidavit. In addition to denials, defendant pleads as complete and partial defenses that the publication was privileged as a report of a judicial proceeding, and as a fair and true report of a judicial proceeding.
On defendant’s appeal from the order denying its motion for judgment on the pleadings, it argues that, despite the allegations of the complaint that the motion papers upon which it bases its defenses were not open or available for inspection by defendant or the public generally, the privilege pleaded by it bars the maintenance of this action. The statute which confers the privilege upon which defendant relies is section 337 of the Civil Practice Act, which, so far as material, provides: “ A civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial, legislative or other public and official proceedings * *
The privilege which we are here considering is not that which attaches to judicial proceedings, but that which attaches to fair reports of judicial proceedings. We are here concerned, not with the right of a party to make charges, but with the right of defendant to publish them. The reason for the privilege defined in the statute is “ the public interest in having proceedings of courts of justice public, not secret, for the greater security thus given for the proper administration of *616 justice.” (Lee v. Brooklyn Union Pub. Co., 209 N. Y. 245, 248.) The privilege is grounded on the fact of the courts being open to the public. As stated by Mr. Justice Holmes : “ the privilege and the access of the public to the courts stand in reason upon common ground.” (Cowley v. Pulsifer, 137 Mass. 392, 394.) The words in the statute “ or other public and official proceedings” imply that all proceedings — judicial, legislative, and otherwise — to be privileged, must be public. (Stuart v. Press Pub. Co., 83 App. Div. 467, 477-478, and cases cited; McCurdy v. Hughes, 63 N. D. 435.) Papers tiled during the course of a public judiciál proceeding are public when they are “ open by law to everybody ” for inspection. (Harley v. Plant, 210 N. Y. 405, 411.)
At common law the pleadings or papers filed in an action or proceeding were not open to public inspection, but only to the inspection of those having an interest therein or right of access thereto. (Stuart v. Press Pub. Co., supra, and cases cited at p. 478.) In accordance with this rule it was held that the privilege did not attach to those papers filed in the course of a judicial proceeding which were not open to public inspection (Stuart v. Press Pub. Co., supra), but that the privilege did attach to those filed papers which were declared to be open to public inspection. (Fleming v. Newton, 1 H. L. 363, 378; Folkard’s Starkie on Slander and Libel, p. 273.)
The statute was not intended to enlarge the class of privileged communications as they existed at common law. (Sanford v. Bennett, 24 N. Y. 20.) Since at common law the privilege did not attach to a report of a paper filed in the course of a judicial proceeding which was not open to the inspection of the public, the statute may not be enlarged now to include that type of report. The Court of Appeals has stated that the tendency of the courts is to restrict the scope of absolute privilege in libel rather than to extend it. (Pecue v. West, 233 N. Y. 316, 321; Andrews v. Gardiner, 224 N. Y. 440, 448.)
In support of its position that the privilege attaches in the case at bar, defendant relies on Campbell v. New York Evening Post (245 N. Y. 320). That case, properly interpreted, is readily distinguished. The court there held that the privilege extended, not only to reports of judicial proceedings had in open court, but also to papers filed in the course of such judicial proceedings. But the court was there speaking of papers so filed to which the public had the right of access. That is apparent from the fact that it is pointed out in the opinion that the papers filed in the course of judicial proceedings become “ pub- *617 lie documents ” and, further, that “To * * * hold that the newspaper states the contents of the complaint at its peril is to revive a rule of privacy in relation to litigation that no longer has substance.” (P. 327.) In other words, the court held merely that the privilege which always attached to those judicial proceedings which took place in open court, also applied to papers filed in the office of the clerk of the court in the course of those judicial proceedings to which the public had the right of access. While the class of papers now open to public inspection is more extensive than it was at common law, the court did not, by its determination in the Campbell case (supra), intend to enlarge the class to which the privilege attached at common law. That the court was not extending the statutory privilege to papers not open to public inspection is obvious from the fact that the court upheld “ the claim of privilege on the ground that the filing of a pleading is a public and official act in the course of judicial proceedings.” (P. 328.) (Italics mine.) Moreover, it should lie noted that while the Campbell case (supra) liberalized the rule only to the extent heretofore indicated, the court cautioned that: 11 The privilege thus extended must be kept strictly within proper bounds (Sanford v. Bennett, supra), and not extended beyond the limits of the statute.” (P. 329.) That the statutory privilege is limited only to reports of papers in judicial proceedings which are open to public inspection is also clear from the opinion in Lee v. Brooklyn Union Pub. Co. (209 N. Y. 245, 248-249, supra), where, in upholding the claim of privilege, the court stated that “ The proceeding was in open court where any citizen had the right to be ’ ’, and emphasized that: ‘ ‘ The point is that the proceeding was one which the public had the right to hear ’ ’.
By rule 278 of the Rules of Civil Practice the papers filed in a matrimonial action are sealed and are not open to inspection by the public generally. This rule, made under express statutory authority (Judiciary Law, § 83), has the force and effect of statute. (Matter of Moore, 108 N. Y. 280; Sachs v. Blum, 241 App. Div. 384.) While a rule inconsistent with a statute is of no effect and cannot enlarge or abridge rights conferred by the statute (Broome Co. Farmers’ Fire Relief Assn. v. New York State Elec. & Gas Corp., 239 App. Div. 304, affd., 264 N. Y. 614), there is no conflict between the statute (Civ. Prac. Act, § 337) and the rule. The statute provides merely that the privilege extends to public proceedings. It does not purport to define the proceedings, which are public, or the *618 papers filed in the course of such proceedings, to which the public have the right of access. On the other hand, rule 278 provides that the public shall not have the right of access to papers in designated types of actions. That the court has inherent power to promulgate a rule sealing its records in matrimonial actions is well settled. (Matter of Caswell, 18 R. I. 835; Mulford v. Davey, 64 Nev. 506; cf. Munzer v. Blaisdell, 268 App. Div. 9 and Sanford v. Boston Herald-Traveler Corp., 318 Mass. 156.) The reason for the privilege extending to judicial proceedings is that the “ general advantage to the country in having these proceedings made public more than counterbalances the inconveniences to the private persons whose conduct may be the subject of such proceedings.” (Rex v. Wright, 8 Durn. & E. 293, 298.) Stated in another way, the private rights of individuals must be subordinated to paramount needs of society. But by rule 278 it was, in effect, provided that in matrimonial actions the balance of convenience is in favor of the individual. That rule is founded on the policy that “ no one has a right to examine or obtain copies of public records for mere curiosity, or for the purpose of creating public scandal. To publish broadcast the painful and sometimes disgusting details of a divorce case, not only fails to serve any useful purpose in the community, but on the other hand directly tends to the demoralization and corruption thereof, by catering to a morbid craving for that which is sensational and impure. The judicial records of the state should always be accessible to the people for all proper purposes, under reasonable restrictions as to the time and mode of examining the same, but they should not be used to gratify private spite or promote public scandal.” (Matter of Caswell, supra, p. 836.)
The complaint alleges that defendant’s reporter obtained the information contained in its articles from the matrimonial file illegally, improperly, and maliciously, in violation of rule 278 of the Rules of Civil Practice. If defendant’s reporter obtained the information in that manner, he was guilty of contempt of court. “ A contempt of court cannot be privileged ”. (Cowley v. Pulsifer, 137 Mass. 392, 396, supra.)
In my opinion, it is illogical to hold that the defendant had the right to publish to its millions of readers information which not one of those readers could personally obtain. In situations where the public have the right of access to proceedings in open court, or the right to inspection of filed papers, the effect of a newspaper publication is that defendant’s reporter is the agent of the public to report to them what they could *619 hear or see if they so desired. (Cf. Lee v. Brooklyn Union Pub. Co., 209 N. Y. 245, 248, supra.) But when the public have no right to see the papers filed in a matrimonial action, a newspaper should not have the right to spread the allegedly false contents of those papers to the public. “ If it should be said that the haste with which they [the newspapers] are obliged to publish, leaves them no time to inquire as to the facts, it is not exacting too much to require them to postpone the publication of the libelous portions of the account until a proper investigation into their truth can be made.” (Sanford v. Bennett, 24 N. Y. 20, 28, supra.)
In his appeal from the order denying his motion for judgment on the pleadings, plaintiff argues that, assuming that the papers on the motion in the separation action were filed during the course of a judicial proceeding, the defense of privilege is insufficient because the articles published are not true and fair reports of the filed papers. In my opinion, a comparison of the published articles with the filed papers shows that plaintiff’s argument in this respect is without merit.
Since there are questions of fact raised as to the allegations of the complaint and the affirmative defenses contained in the answer, both motions for judgment on the pleadings were properly denied.
The orders should be affirmed, without costs.