MICHAELA D. STOLOW, Plaintiff, *v.* HEARST CORPORATION, Defendant.

Supreme Court, Special Term, New York County, May 25, 1951.

*Benjamin S. Gordon* and *Henry Amster* for plaintiff.

*Charles Henry* for defendant.

VALENTE, J. This is a motion by the plaintiff pursuant to subdivision 6 of rule 109 of the Rules of Civil Practice, to dismiss the alleged first defense and the alleged first partial defense as being insufficient in law. The action is brought to recover $150,000 damages by reason of an article published by the defendant in its newspaper the *Daily Mirror,* on March 31, 1950. The plaintiff alleges one cause of action for libel and another cause of action under the Civil Rights Law. No useful purpose is served by recounting in detail the contents of the published article, a copy of which has been attached to the complaint. Briefly, it purports to repeat the contents of an affidavit made by one Jacot, a French detective employed by plaintiff's husband ostensibly to procure evidence against the plaintiff to be used by her husband in support of the latter's counterclaim for a divorce. It indicates clearly that the detective had been unsuccessful in his quest. The counterclaim had been interposed in an action commenced by the plaintiff in this court for a separation. The article indicates that Jacot's affidavit had been submitted by the defendant husband in opposition to plaintiff's

motion for alimony *pendente lite* and states that on such motion the court awarded plaintiff $50 a week as temporary alimony. The article contains statements that the plaintiff, presumably on the said motion, either by affidavit or statements by counsel, denied the pertinent allegations of the affidavit as well as their imputations so far as she is concerned. At any rate, it may not be said in advance of trial that the article and headline when read together would not be so understood by the reader.

The complete defense pleads that the publication is a true and fair report of official and judicial proceedings and, having been published without malice, is privileged. The partial defense is practically a repetition of the complete defense in abbreviated form.

The statute which confers the privilege upon which the defendant relies is section 337 of the Civil Practice Act, which so far as material provides: " A civil action cannot be maintained against any person, firm or corporation for the publication of a fair and true report of any judicial, legislative or other public and official proceedings, or for any heading of the report which is a fair and true headnote of the statement published." The predecessor of the present statute in this State is found in chapter 130 of the Laws of 1854, later incorporated with some changes of language into sections 1907 and 1908 of the Code of Civil Procedure and in turn, by subsequent amendments, taking its current form.

In an early case, *Sanford* v. *Bennett* (24 N. Y. 20, 25–26) the Court of Appeals discusses the scope of the original statute, as follows: " The common law had declared that the statements, speeches, &c., referred to in the statute, should be privileged, so that persons whose duty or right it was to participate in such public discussions, might be perfectly free in the exercise of these rights and duties, and not under the restraint which it was supposed might embarrass them if they were liable to be called to account; but it was not so clear that everything which might lawfully be spoken or introduced in writing into public proceedings, could be safely printed and published afterwards. * * * The act was not intended to enlarge the class of privileged communications when originally made in courts and before public bodies. They were all embraced in the rules of the common law; and it was only the repetition of them by printing and publishing in public journals which was thought to be improperly restricted. To remedy this was the whole purpose of the statute ".

Later on, in the case of *Lee* v. *Brooklyn Union Pub. Co.* (209 N. Y. 245, 246–247) Judge MILLER, writing for the Court of Appeals and referring to the privilege, as covered by section 1907 of the Code of Civil Procedure, says: " The rule is not questioned that a full, fair and impartial report of a judicial proceeding is qualifiedly privileged. That was the rule at common law and the statutes of this state so provide (Laws of 1854, chap. 130; Code Civil Procedure, § 1907.) * * * The obvious reason is the public interest in having proceedings of courts of justice public, not secret, for the greater security thus given for the proper administration of justice. For that reason it was early provided by statute in this state that ' the sittings of every court within this state, shall be public, and every citizen may freely attend the same.' (1 R. S. part 3, chap. 3, § 1; see, also, Judiciary Law, § 4.) The public generally may not attend the sittings of the courts, but they may be kept informed by the press of what goes on in the courts."

The Court of Appeals in the case of *Campbell* v. *New York Evening Post* (245 N. Y. 320, 325 [1927]) enunciated the rule of privilege as it exists in this State in the following clear and precise language: " The privilege has been gradually extended to all matters which have been made the subject of judicial proceedings in any court of record or not of record and whether such proceedings may be preliminary or interlocutory or even *ex parte* " (citing Odgers on Libel & Slander [5th ed.] p. 308, and *Lundin* v. *Post Pub. Co.*, 217 Mass. 213). In so ruling the Court of Appeals (p. 325) holds that the privilege extends beyond the limits imposed by such cases as *Stuart* v. *Press Pub. Co.* (83 App. Div. 467) which deny the privilege to pleadings which, though filed, have not received judicial notice, and expressly declines to confine it within the borders outlined by Mr. Justice HOLMES, who made the distinction " between what takes place in open court, and that which is done out of court by one party alone ". (*Cowley* v. *Pulsifer,* 137 Mass. 392, 395.) The language of Judge POUND, who wrote for the Court of Appeals, admits of no uncertainty: " A newspaper may publish of A that B has begun an action against him by service of a summons. * * * It may go further and state that the complaint has been filed in the county clerk's office. To stop there and hold that the newspaper states the contents of the complaint at its peril is to revive a rule of privacy in relation to litigation that no longer has substance. * * * Judicial proceedings in New York include in common parlance all the proceedings in the action. We may as well disregard the overwhelming weight of

authority elsewhere and start with a rule of our own, consistent with practical experience. * * * Therefore we proceed to a logical conclusion and uphold the claim of privilege on the ground that the filing of a pleading is a public and official act in the course of judicial proceedings.'' (Pp. 327–328.)

In the present case we are not confronted with the narrow question whether the contents of a pleading or other paper which was placed in the files and on which no other proceedings were taken are privileged. The affidavit which is quoted in defendant's article was submitted in this court in opposition to a motion made by this plaintiff for alimony *pendente lite* in her own separation action in which her husband had counterclaimed for a divorce. The published article indicates that the detective's affidavit was made a part of the husband's papers submitted to the court in opposition to the plaintiff's motion for temporary alimony and the language of the published article also supports the conclusion that plaintiff replied to the matters set forth in the affidavit. The plaintiff's motion for alimony *pendente lite* certainly constituted a public judicial proceeding of which the affidavit of the French detective constituted an integral and important part. The affidavit was submitted openly and publicly in court as a part of the record. Perhaps portions of it were read or referred to if oral argument was heard on the motion. Under the recognized rules of this court a copy of the affidavit must have been served upon and furnished to the plaintiff or her attorney, and became a part of such attorney's files in the case.

The plaintiff argues that rule 278 of the Rules of Civil Practice has the effect of canceling the privilege so far as all matters contained in any papers in a matrimonial action. The rule provides: '' An officer of a court with whom the proceedings in an action to annul a marriage or for divorce or separation are filed, or before whom the testimony is taken, or his clerk, either before or after the termination of the suit, shall not permit a copy of any of the pleadings or testimony, or any examination or perusal thereof, to be taken by any other person than a party, or the attorney or counsel of a party who had appeared in the cause, except by order of the court.''

The plaintiff relies on the case of *Stevenson* v. *News Syndicate Co.* (276 App. Div. 614) wherein the Appellate Division, Second Department, ruled, by a three to two decision, that no privilege attached to the publication there in question, because of rule 278. I do not consider that case as binding authority upon the determination of the present motion before this court. The

essential and controlling facts differ in fundamental aspects. In that case the published report was the contents of the affidavit of the plaintiff in a separation action made in support of a motion for alimony *pendente lite,* counsel fees and for other relief. The affidavit and notice of motion were served and filed in court. No opposition papers were served or filed and the motion was never submitted or argued but was withdrawn. An order of withdrawal was signed and all the papers directed to be placed in the files of the county clerk. In the present case, as I have pointed out, the affidavit which furnishes the content of the published report was submitted, opposition papers were submitted, the motion was heard and as a result affirmative relief was awarded to the plaintiff. Thus, this is not a situation where the publication consisted of charges or accusations by one party against the other which were never submitted to the court as the basis for judicial action or upon which no action was taken except to direct that they be filed.

While holding, in that case, that no privilege attaches to the newspaper publication of the contents of an affidavit filed in a matrimonial action which the public had no right to inspect under rule 278, the court (p. 618) refused to rule that privilege would not exist in " situations where the public have the right of access to proceedings in open court " as was present here.

The affirmance by the Court of Appeals (302 N. Y. 81) was on the sole ground that the article was neither true nor fair and " consequently the privilege declared by section 337 of the Civil Practice Act did not attach to it." (P. 88.) The opinion of the Court of Appeals concludes with these significant words: " We pass on no other question," but in the course of its opinion the court (p. 88) took occasion to point out: " The privilege established by section 337 for reports of judicial proceedings embraces only ' full, fair and impartial ' reports of such proceedings " (citing *Lee* v. *Brooklyn Union Pub. Co.,* 209 N. Y. 245, 248, *supra*).

It seems only logical to reason that if the Court of Appeals intended to approve the ruling of the Appellate Division in *Stevenson* v. *News Syndicate Co.* (*supra*) it would not have rested its decision upon the analysis of the truth and fairness of the article because if rule 278 of the Rules of Civil Practice prevents the privilege from attaching to the publication of papers filed in a matrimonial action what difference can it make whether or not the report is true and fair?

The directions in rule 278 of the Rules of Civil Practice, adopted June 17, 1921, pursuant to chapter 902 of the Laws of

1920, as amended by chapter 370 of the Laws of 1921, are an exercise of the court's inherent power, as expressed in section 83 of the Judiciary Law, to seal, in the public interest, judicial records which would otherwise become public. The rule is founded on the wise policy that no one has the right to examine or obtain copies of public records for mere curiosity, or for the purpose of creating public scandal. The reason for the privilege extending to reports of judicial proceedings is that the " ' general advantage to the country in having these proceedings made public more than counterbalances the inconveniences to the private persons whose conduct may be the subject of such proceedings.' " (*Stevenson* v. *News Syndicate Co.*, 276 App. Div. 614, 618, *supra*). By rule 278, therefore, in matrimonial actions, the balance of convenience has been shifted in favor of the individuals concerned in such actions as against the public good. The reasons for rule 278 remain as compelling as at the time of its adoption. It has the force and effect of statute unless it is inconsistent with a statute, or enlarges or abridges rights conferred by statute (*Matter of Moore*, 108 N. Y. 280; *Sachs* v. *Blum*, 241 App. Div. 384; *Broome Co. Farmers' Fire Relief Assn.* v. *New York State Elec. & Gas Corp.*, 239 App. Div. 304, affd. 264 N. Y. 614).

Rule 278, therefore, it seems to me, cannot remove the qualified privilege accorded by statute in section 337 of the Civil Practice Act. If the rule expressly attempted such a result it would be ineffective under the clear weight of authority. Accordingly such a result may not be read into the rule or implied therefrom through too narrow a construction of judicial expressions in an attempt to distinguish the papers filed in matrimonial actions from the judicial proceedings of which they are a part.

This court is constrained to limit the holding of the Appellate Division, Second Department, in the case of *Stevenson* v. *News Syndicate Co.* (*supra*) to the particular facts involved in that case in the light of the clear pronouncements of such cases as *Lee* v. *Brooklyn Union Pub. Co.* (*supra*) and *Campbell* v. *New York Evening Post* (*supra*) whereby it is clearly established that the statutory privilege in this State attaches even to reports of *ex parte* proceedings in courts not of record and to pleadings and other papers filed in court on which no further judicial action was requested or predicated.

The defense and partial defense are sufficient in law in that they plead privilege as to the publication of the alleged libelous matter and hence may not be dismissed on the present motion. The motion is accordingly denied.