## HUGHES et al. v. WASHINGTON DAILY NEWS CO.

### No. 10964.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 4, 1951.

Decided Jan. 17, 1952.

Milton Kaplan, Washington, D. C., for appellants.

Mark P. Friedlander, Washington, D. C., with whom Charles Walker, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, PROCTOR, and BAZELON, Circuit Judges.

EDGERTON, Circuit Judge.

According to appellants' amended complaint, appellee's newspaper said the appellants "are charged with making and passing * * * bogus money * * *. They made an air tour of the country trying to pass the bills. At least 15 were passed in Washington, Secret Service men said." Appellee moved for summary judgment, or in the alternative to dismiss the complaint, on the ground that the publication was a fair report of an announcement of the Secretary of the Treasury. The District Court granted summary judgment. We think this was error.

The privilege of fair report is no broader than the public interest which creates it. That interest is in public knowledge of official conduct. We need not decide whether the privilege might extend to a report of such an "announcement" as appellee now attributes to the Secretary of the Treasury. Appellee's newspaper mentioned no authority or source for its unqualified statements that appellants "are charged with making and passing * * * bogus money" and that "They made an air tour of the country trying to pass the bills." It mentioned only "Secret Service men" as authority for its statement that "At least 15 were passed in Washington." It did not mention the Secretary of the Treasury or intimate that he had made an announcement. In other words it made no report of any announcement of the Secretary. Accordingly it is not entitled to the benefit of whatever privilege, if any, might have attached to a report of such an announcement. Undisclosed similarity or coincidence between a defendant's libelous statement and a public official's previous announcement is not enough to make the statement a report of the announcement. "It is well settled that the publication of any statement by a newspaper made upon its own authority, and not purporting to be a report" of official proceedings or statements "is not privileged * * *. The publication constitutes a charge by the person uttering it, and he is responsible therefor." Wood v. Constitution Pub. Co., 57 Ga.App. 123, 194 S.E. 760, 765, affirmed 187 Ga. 377, 200 S.E. 131. Storey v. Wallace, 60 Ill. 51; Ilsley v. Sentinel Co., 133 Wis. 20, 28, 113 N.W. 425, 427; Lewis v. Hayes, 165 Cal. 527, 530, 132 P. 1022, 1023; State v. Sheridan, 14 Idaho 222, 235, 93 P. 656, 660, 15 L.R.A.,N.S., 497.

Reversed.