**PITTSBURGH COURIER PUB. CO., Inc. v. LUBORE.**

**No. 11315.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 10, 1952.

Decided Nov. 20, 1952.

George E. C. Hayes, Washington, D. C., with whom James A. Cobb, Washington, D. C., was on the brief, for appellant. Julian R. Dugas, Washington, D. C., also entered an appearance in behalf of appellant.

Milton Dunn, Washington, D. C., for appellee.

Before EDGERTON, PROCTOR, and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

The defendant newspaper appeals from a judgment for the plaintiff in a libel suit.

There is no dispute about the facts. Appellee was and is a District of Columbia police detective of good repute. Under a headline "Claims Cop Took $1,225" appellant published a news story that included these statements: "According to Miss Roxie A. Henry * * * she saw Detective Sergeant Irving Lubore take $1,225 from her clothes closet. * * * 'I was standing less than five feet from the detective when he took four fifty dollar bills, two ten dollar bills, a five dollar bill and a $1,000 bill that I had hidden in a fur-trimmed boot in my closet,' Miss Henry said." The court found that "The charge made by Roxie Henry reported in said article was an oral statement made to the United States Attorney for the District of Columbia and was reduced to affidavit form by an Assistant United States Attorney, a copy of which affidavit was given to a representative of the defendant newspaper by Curtis P. Mitchell, attorney for the said Roxie Henry." The court also found that the appellant did not publish the item "with express malice or in reckless or careless indifference to the rights and feelings of the plaintiff."

Appellant's news story showed that Roxie Henry had accused appellee of theft. One who repeats another's defamatory story is legally responsible unless the story is true or the repetition privileged. Appellant did not plead, or attempt to prove, that there was a particle of truth in Roxie Henry's charge. Appellant claims that its report of the charge was privileged, like a report of judicial proceedings. But as we said in Washington Times Co. v. Bonner, 66 App.D.C. 280, 284, 86 F.2d 836, 840, "By the weight of authority the qualified privilege to publish reports of judicial proceedings does not arise until there has been official action by the magistrate or court * * *." The public needs to know what goes on in court but does not need to know that A has slandered or libeled B outside of court. A New York case, Campbell v. New York Evening Post, 245 N.Y. 320, 157 N.E. 153, 52 A.L.R. 1432,

extended the privilege to cover reports of charges made in pleadings that have been filed in court but not officially acted upon. That case has had some following. Note, 104 A.L.R. 1124. But few if any courts would extend the privilege so far as to cover reports of charges made, without results, to a policeman or a prosecutor. "If a man has not the right to go around to tell of charges made by one against another, much less should a newspaper have the right to spread it broadcast and in enduring form." Metcalf v. Times Pub. Co., 20 R.I. 674, 678, 40 A. 864, 865. The appealed judgment was therefore right.

It is at least arguable that the judgment was right for another reason. Unless the newspaper said or implied that the people to whom Roxie Henry told her story were prosecutors, it did not report the making of a charge to a prosecutor. Cf. Hughes v. Washington Daily News, 90 U.S.App.D.C. 155, 193 F.2d 922. It did not make such a statement, and whether it conveyed such an implication is questionable.

Affirmed.