Samuel H. Hofstadter, J.
Plaintiff moves pursuant to subdivision 6 of rule 109 of the Buies of Civil Practice to strike out the defenses for insufficiency. The action is in libel. The publication stated that by an order of this court the defendant had been released from an incarceration which had reached “ the cruel and inhuman stage which public policy condemns ”. Defendant “ did a half a dozen terms averaging three months each as a guest of the sheriff in the jail at 434 W. 37th St. Then, on Oct. 25, 1955, when he was $1,400 in arrears, he was jailed again, and, has been there ever since. His attorney * * * told (the presiding justice) that most of Singer’s previous imprisonments weren’t for contempt of court but rather because fresh arrears were piling up while he was in jail. Almost as soon as he got out, the lawyer said, he would be put back in *549 again.” Plaintiff charges that the article and report falsely-charged plaintiff’s imprisonments of her former husband were not for contempts of court but rather for arrears which accrued while he was in jail so that he would be put back in jail almost as soon as he got out and charged plaintiff with violating the law and committing the crime of perjury in securing the orders of commitment for nonpayment of alimony while the defendant was confined to jail.
The first defense pleads the privilege of fair and true report (Civ. Prac. Act, § 337). It sets forth the pertinent facts of the various commitments in chronological order, including an unsuccessful attempt to secure relief with respect to alimony arrears accruing during a period of incarceration, the obtaining of separate orders of commitment based upon failure to comply with separate directions of an order and the decision of the court leading to defendant’s release. Whether the defense places an unfair and unbalanced emphasis upon arrears and upon contempts and whether the publication is capable of generating a charge of perjury are certainly not free from doubt. WThile the record as set forth in the defense may itself establish that the imprisonments were solely for contempt, it does not follow as a matter of law that the first defense is insufficient as a defense of fair report of a judicial proceeding, including the report of statements of counsel to the court (Lee v. Brooklyn Union Pub. Co., 209 N. Y. 245).
The second defense is a defense of truth. It is plaintiff’s view that the article charges her with returning the defendant to prison almost as soon as he got out because of fresh arrears accruing while he was in jail and since this is illegal she is thus charged with perjury. It is unnecessary now to determine whether such an innuendo is warranted. It is enough that the facts set forth in the defense are as broad as the charge or sufficiently so to require a trial to determine whether the justifying facts have the meaning which plaintiff claims to be the meaning of the article (Fleckenstein v. Friedman, 266 N. Y. 19).
The third defense is a defense of fair comment upon judicial proceedings. It is based upon the facts set out in the first and second defenses. Plaintiff contends the facts as alleged do not show that most of the imprisonments were not for contempt but rather because fresh arrears were accruing while the defendant was imprisoned or that almost as soon as he got out the defendant would be again imprisoned. Whether that is what the article charges and whether it is in fact fair comment and what part thereof is fact and which is comment must await trial (Lee v. Brooklyn Union Pub. Co., supra).
*550 The first partial defense in mitigation is also sufficient. Plaintiff urges it fails to state the source of information and ground of belief. However, the source is obvious from the article and from the matters set forth in the defense. The official record as ground of belief is inferable.
The motion is denied.