Abraham J. Gellinoep, J.
In this libel action, defendants move for a summary judgment dismissing the complaint on any of three grounds: that the allegedly offending publication was a fair report of judicial proceedings; that, since defendants had an interest in the subject matter and published it only to persons with a corresponding interest, and without malice, they acted under a qualified privilege; and that, since plaintiff’s activities are a matter of public interest and concern, and defendants acted without malice, defendants are protected by constitutional privilege.
Defendant Determan is a vice-president of defendant council, which is a nonprofit organization whose membership consists of separately incorporated local better ¡business bureaus, *364 chambers of commerce and business concerns, and whose purpose is to assist and inform its members and consumers generally with respect to various business organizations. Plaintiff corporation is engaged in the business of new product and invention research, development, marketing and sales. It also publishes a magazine relating to new product concepts.
Over the years, as documented by the papers submitted on this motion, plaintiff and the council have had various disagreements over the language in the council’s reports on plaintiff. The report which resulted in this lawsuit was first published by the council in January, 1972, and, in relevant part, stated:
44 On June 29, 1971, a class action was filed in the U. S. District Court, Central District of California, against the Lee Organization and Raymond Lee, Lawrence Peska, and Howard D. G-reesey, and Richard L. Deutschaman, individually, Civ, Action No. 71-1520 DWW, alleging Unauthorized Representation as a Patent Practitioner under the patent laws of the United States and False Representation of 'Services in Interstate Commerce under the Lanham Trademark Act. The title of the case if [sic] ‘ Robert F. Arnesen et al, v. The Raymond Lee Organization, et al.’
44 On July 6, 1971, a class action was filed against the Lee Organization, alleging Breach of Contract, Fraud and Deceit, Unfair Trade Practices, and Unlawful Practice of Law. The title of the case is 4 Robert F. Arnesen, et al v. The Raymond Lee Organization, Inc., et al,’ Los Angeles Superior Court, No. C-6701.
44 In each of the above class actions, the plaintiffs are seeking to recover money invested, plus punitive damages of $1,000 per person. In each of the cases the plaintiffs estimate the 4 class ’ exceeds 1,000 individuals, and therefore allege that the amount to be recovered will exceed one million dollars.
44 This report is based on information available to the Council; local Bureau experience should be reflected.”
The California litigations referred to in the report are still pending — the Federal court having recently denied a motion by the defendants therein to dismiss the Federal action on the ground that the complaint fails to state a cause of action (Arnesen v. Raymond Lee Organization, 333 F. Supp. 116).
In this libel action, the defendants have not raised the defense of truth. Their first defense is that the pertinent statements published by defendants constitute a fair and true report of judicial proceedings. For the most part, the statements do comprise the titles of the various causes of action *365 asserted in the two 'California lawsuits. However, at the time the council published the report, plaintiff herein had already filed answers in the two California actions, denying the accusations of the complaint, and had served and filed extensive bills of particulars, detailing its factual assertions. Plaintiff claims that it brought this to the attention of the council, but was ignored. It asserts that the offending statements were the result only of the council’s conversations with the California plaintiff’s attorney, and were not based upon a fair examination of the appropriate court files. The council, on the other hand, while not denying the source of its information, argues that the statements fairly reflect the claims made in the complaints, and that plaintiff declined the opportunity given it by the council to submit a statement to the council concerning its position.
Inasmuch as the council published only the claims of one of the California litigants, when the claims of both were available, and in light of the dispute as to the communications between plaintiff and the council with respect to plaintiff’s contentions in the California actions, the court is of the view that “as a matter of law it cannot be said that the publication complained of is a full and fair report of the proceedings to date ” (Campbell v. New York Evening Post, 245 N. Y. 320, 328-329 [1927]). Therefore, summary judgment may not be granted.
The second defense is qualified privilege. Plaintiff does not seriously contest the applicability of the qualified privilege to communications made by the council to its affiliates and to those members of the public who request information. Indeed, the Appellate Division of this Department has held, in a similar matter involving the council, that such communications are “qualifiedly privileged as defined in Shapiro v. Health Ins. Plan of Greater N. Y. (7 N Y 2d 56, 60-61)” (Trim-A-Way Figure Contouring v. National Better Business Bur., 37 A D 2d 43,45 [1st Dept., 1971]).
As recognized in the above-cited decisions, a showing of malice defeats the qualified privilege. But, ‘ ‘ the publication being presumptively privileged, when challenged by defendant’s motion for summary judgment plaintiff was required to come forward with evidentiary facts from which it might be found that the publication was not only false but actuated by express malice or actual ill will ” (Trim-A-Way Figure Contouring v. National Better Business Bur., supra, p. 45; Indig v. Finkelstein, 29 A D 2d 851 [1st Dept., 1968], affd. 23 N Y 2d 728 [1968]). The motion may not be defeated by “ charges ‘ based *366 upon surmise, conjecture and suspicion ’ ” (Shapiro v. Health Ins. Plan of Greater N. Y., 7 N Y 2d 56, 63 [1959]).
In its answering affidavits and exhibits on this motion, plaintiff has attempted to meet this burden. It claims that the council’s malice — its reckless disregard for the truth of its publication — can be inferred from the prior discordant dealings between the parties. However, the voluminous past correspondence only shows that plaintiff has been dissatisfied with earlier reports, and is far less demonstrative of malice than the insufficient showing of long standing animosity between the parties by the plaintiff in Shapiro (supra). Nor does plaintiff’s allegation that the council turned only to plaintiff’s California adversary for the facts as to those litigations, contain sufficient evidentiary facts to justify a finding of actual malice (see Rosenbloom v. Metromedia, 403 U. S. 29, 56 [1971]).
However, in his affidavit in opposition, plaintiff’s president makes the following assertion:
“ Prior to the time that RLO [plaintiff] commenced this action RLO was approached by the defendant’s New York affiliate to become a member of the B [etter] B [usiness] B[ureau]. The lady who contacted RLO is named Miss Connie Lessoff.
“ Miss Lessoff told RLO that if they would become members of the BBB and pay the $500 fee, then the reports issued about RLO would be favorable since the BBB’s reports about its members endorsed its members’ integrity.”
Of course, even assuming the truth of this allegation, it does not, of itself, demonstrate malice on the part of the council. At best, it shows a form of attempted extortion on the part of an independent organization which is a member of the council. But at this stage of the proceedings, no pretrial discovery having been had, plaintiff cannot be expected to be able to produce evidence, if any exists, connecting the council’s report with the actions of its New York affiliate. And the court therefore hesitates to summarily dispose of the complaint without giving plaintiff an opportunity to develop such evidence as might be sufficient to justify a finding of malice.
Therefore, pursuant to subdivision (f) of OPLR 3212, the motion with respect to the claim of qualified privilege is denied with leave to renew after pretrial disclosure is had.
The decision as to qualified privilege also disposes of the third and final ground asserted by the council: a constitutional privilege. For, assuming that the privilege enunciated in New York Times v. Sullivan (376 U. S. 254 [1964]) applies to the *367 reports issued by the council (see Rosenbloom v. Metromedia, 403 U. S. 29, supra; Trim-A-Way Figure Contouring v. National Better Business Bur., 37 A D 2d 43, 45, supra), that privilege is also defeated by a showing of malice. For the same reasons stated above, the motion on this ground is denied with leave to renew after completion of discovery proceedings.