## William S. Edwards v. Samuel Chandler.

*Libel. Privileged communications. Pleadings and practice.* Where in an action for libel the alleged communication was privileged, it was held that it was part of plaintiff's case to prove the falsity of the communication, as well as the malicious intent; and that as the proof of the truth of the allegations was only the contradiction of such case as plaintiff was bound to establish, defendant was

entitled to give proof of their truth under the general issue, without special notice.

Where the libel charged is not privileged, the plaintiff is not bound to prove its falsity; and the justification of it by defendant as true, not being a denial of any thing incumbent upon plaintiff to prove, must be pleaded or noticed specially.

*Agent. Objection to evidence.* A witness having testified, without objection, to certain acts as agent of a company, proceeded to state his authority as such, to which a general objection was made. *Held,* that if his action was accepted and followed by the company, it could make no difference whether he had any original authority or not.

*Libel, embezzlement.* The letter sued upon in this cause contained the following language: "It is wondered at how he can live in more than ordinary style, as he does, while having merely the honorable receipts of his agency to live upon." It had also charged him with vexatious acts, and charging unusual rates.

The Court charged the jury that if they inferred from the language of the letter, that it intended a charge of embezzlement, they would be warranted in so finding. *Held,* that the language did not necessarily imply a charge of embezzlement or larceny, but that, if the jury could infer such a charge from the letter, it was properly submitted to them.

*Heard July 11th. Decided October 16th.*

Error to Hillsdale Circuit.

*A. Blair,* for plaintiff in error.

1. When a party making a communication as well as the party receiving it, have an interest in it, it has never been doubted that it was privileged.—16 *N. Y.* 373; 22 *Wend.* 414.

The letter declared upon in this case was clearly of this class. It was written by the plaintiff in error to the general agent of the U. S. Express Company in pursuance of a conversation and a request of said· agent. The plaintiff in error being a customer of the company, both parties were interested in the subject matter of the letter. It was therefore clearly privileged.

It was so recognized and treated by the court and counsel on both sides.—30 *N. Y.* 25.

2. The letter being privileged, the burden of proof was upon the plaintiff in the court below, to establish express malice, or want of good faith in writing the letter.

The gist of the action was the malicious intention of the writer of that letter, and the plea of the general issue put that question directly in issue. It was competent, therefore,

for the defendant below to disprove the charge of malice under the plea of the general issue; and proof of the truth of the charges, or statements contained in the letter, or of the defendant's belief that they were true, was a complete defense to the action.—2 *Greenl. Ev.* §§ 421–428; 12 *Pick.* 163; 3 *Met.* 197, 198; 22 *Wend.* 423.

But the notice under the general issue was sufficient to let in proof of the truth of the matters stated in the letter. Though the notices undertook to detail the evidence or particular circumstances going to show the truth of the statements, that was unnecessary; and they furnish sufficient notice to the plaintiff, that the defendant would justify upon the trial, by showing the truth of the alleged libel.—8 *Mich.* 351; 6 *Id.* 514.

It does not cure this error, that the court did allow some such facts in mitigation of damages, because evidence in mitigation involved an admission of the falsity of the charge.—2 *Greenl. Ev.* § 425.

3. The court erred in overruling the objection to the testimony of the witness, Calvin Cone, because it appeared that there was better evidence of his authority, to wit: the articles of association and by-laws of the company.

These should have been produced. It is not to be believed that a subordinate like Cone had the power to fix the rate of charges for this company.

4. The court erred in charging the jury that "they would be warranted in inferring from the language contained in the letter a charge of embezzlement, or of misapplying or appropriating the funds of the express company or their customers, to his (the plaintiff's) own use."

This construction of the letter is not warranted. The whole purport of it is that the plaintiff had misused and wronged the defendant, and he wished him removed for that reason. There is nothing that can be fairly construed into a charge of wronging the express company.

The letter was confidential, and was made public by the

plaintiff himself. It simply asked the company to look into the conduct of its agent towards the defendant Edwards.

These privileged communications are to be construed liberally.—16 *N. Y.* 371; 2 *Greenl. Ev. p.* 398, *note* 1.

*Johnson & Higby*, for defendants in error.

1. The first and second errors assigned are substantially the same, and are in substance that the court erred in not allowing plaintiff in error to show, under the general issue, particular facts tending to prove the truth of the matter in the declaration charged as libelous.

We regard the rule as settled, that particular facts cannot be given in evidence under the general issue, either by way of justification or in mitigation of damages.— 2 *Stark. on Slander*, 89–99; 4 *Mich.* 409; 1 *Am. L. Cas.* 178; 11 *Mich.* 20.

2. The third error assigned is, that the court erred in allowing the witness, Cone, to prove, by parol, his authority as agent to issue the printed regulations which were given in evidence.

The objection was not well taken. It was a general objection. It did not point out in what respect the evidence was inadmissible. It is therefore no error.—11 *N. Y.* 442–482.

3. The last error assigned is, that the court erred in charging the jury substantially, that the letter charged the plaintiff below with embezzlement, or misapplication of the funds of the company.

This involves a construction of the letter, and presents a question that is not much aided by authorities. An examination of the whole letter, and the facts and circumstances under which it was written, furnish pretty strong proof that the court gave a proper construction to the letter.

Besides, if the Judge erred in his charge in that respect, the judgment ought not to be disturbed, provided the whole letter, taken together, was a libel. As to what constitutes a libel, see 7 *Cow.* 620.

EDWARDS v. CHANDLER.

CAMPBELL J.

Chandler sued Edwards upon a charge of libel, in writing to Henry Kip, Superintendent of the United States Express Company, a letter reflecting upon the character of Chandler, as agent of that company, at the village of Hillsdale, and complaining of his conduct in such agency.

Edwards pleaded the general issue, and with it gave notice that the letter was of such a character, and written under such circumstances, as to make it a privileged communication. The notice also set forth several facts going to prove the truth of many of the allegations in the letter, but not purporting to cover all of them.

As the letter was clearly privileged, and was so held by the court below, the only questions to be considered are such as apply to that class of instruments.

Upon the trial, after the plaintiff below had closed his case, and after the defendant had introduced proof upon the specific facts detailed in the notice appended to his plea, the latter offered to prove additional facts not contained in the notice, going to establish the truth of his letter. Objection being made, the court declined to permit this, and held that no evidence should be received on the subject, except of facts alleged.

In this the court was very clearly in error. Where a communication is privileged, the plaintiff cannot recover without proving affirmatively not only the falsehood of its contents, but also that it was published with express malice. Unless he can prove both of these points he must fail. The falsehood being a necessary part of the case to be made out by the plaintiff, the truth is but a contradiction of that case, and may be made out under the general issue, therefore, without resort to a special plea or notice. Upon this question there seems to be no conflict of authority, and it is in accordance with the general doctrine of pleading, that the defendant may deny, under the general issue, whatever the plaintiff is obliged to prove as an essential part of his own case.

Where the libel charged is not privileged, then the plaintiff is not bound to prove its falsity; and the justification of it as true, not being a denial of anything which rests on the plaintiff, is strictly in avoidance, and must, therefore, be pleaded or noticed specially.

The same rule of pleading, therefore, which requires a special plea in the one case, renders it inapplicable in the other; and so it has been determined.—*Remington v. Congdon*, 2 *Pick.* 310; 2 *Greenl. Ev.* § 421; 2 *Starkie on slander*, 103, 104; *Bradley v. Heath*, 12 *Pick.* 163; *Fairman v. Ives*, 5 *B. & Ald.* 642; *Child v. Affleck*, 9 *B. & C.* 403; *Somervill v. Hawkins*, 3 *L. & Eq.* 503; *Fountain v. Boodle*, 3 *Q. B.* 5.

It is also alleged as error that parol evidence was improperly introduced to show the authority of one Calvin Cone. Having already testified without objection that he had charge of the Express Company's agents and business in Michigan and Ohio, and that he issued a certain table of rates, and the rules and regulations attached, he proceeded to say that he had authority to issue and promulgate the same; and this last statement was objected to.

The objection is a general one, and its validity is, therefore, questionable under any circumstances, but we do not perceive that it has any special force. We cannot know judicially that his action was not accepted and followed by the company, and if so, it can make no odds whether he had or had not any original authority, nor whether it was verbal or written.

It is also alleged as error that the court improperly charged the jury that they would be warranted in inferring from the letter sued on, a charge of embezzlement, or of misapplying or appropriating the funds of the express company or their customers to the use of Chandler. The language supposed to justify this inference was this: "It is wondered at how he can live *in more than ordinary style*, as he does, while having merely the honorable receipts of his agency to live upon." The letter had previously accused him of vexatious acts,

and of charging larger rates than were charged at other offices.

The language does not necessarily imply that he had embezzled or stolen, but it is ambiguous, and we are not prepared to say that a jury could not draw such an inference without unreasonably stretching or perverting the sense. Such language must be construed by the jury, and not by the court. —*Lewis v. Chapman*, 16 *N. Y.* 371. But the Court in this case did not direct the jury to draw the inference. They were told that "*if such was their inference from the language in the letter,*" they would be warranted in drawing it. This left it entirely to the jury, and we cannot say that it was done in such a way as to mislead them into supposing it to be an obligatory inference.

There being error in the exclusion of testimony, the judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.