Powell, J.
This is an action for the recovery of damages for an alleged libel of plaintiff in error, Samuel Heimlich, published by the defendant in error.
Three separate causes of action, for three separate publications made on different days, all of which are charged to be libelous, are set forth in the petition below. Plaintiff claims damages in the sum of $100,000.
By its amended answer the defendant makes four separate defenses:
1. It admits its corporate capacity and that it publishes a daily newspaper known as “The Columbus Evening Dispatch;” it admits the publication of the articles complained of, makes some other minor admissions, and denies each and every allegation set forth in the petition and not ad *395 mitted by said amended answer to be true. The admissions made practically leave only the question of damages to the plaintiff as the issue.
2. Defendant claims that the publications made, and on which the action is founded, are fair and impartial reports of certain judicial proceedings in the police court of the city of Columbus, Ohio, in a cause entitled “The State of Ohio v. Samuel Heimlich ” and of an official investigation then being made by and before the governor, the secretary of state and the attorney general; that said publications were made in good faith and without malice toward plaintiff, who never made any demand or request that a retraction be made.
Wherefore it is claimed that said publications were privileged.
3. The third defense is the same as the second above set forth, except that it belongs to and is made a defense to the second cause of action only, while the second defense above set forth is a defense to the first cause of action only.
4. The fourth defense is a defense to the third cause of action only, and pleads the same matter as the said second defense, save that the three publications were on different days, which are set out; and it is alleged that they were made without malice and without information on the part of the defendant that the same were not true.
A demurrer was filed to the second, third and fourth defenses of said amended answer, and the same was overruled. A motion to strike out was also made and overruled. A reply was then filed denying that said publications, or any part of them, were fair and impartial reports of any police re *396 ports in the city of Columbus or of any investigations that were being made by above named officers; denying the good faith of the defendant in making said publications; denying that defendant was without information that the same were not true, or that defendant had reasonable grounds for believing that plaintiff was guilty of perjury or that any of the matters set forth in said publications were true; and denying that said publications were made without malice. The same reply, in substance, is made to the second, third and fourth defenses.
Upon the issues thus made trial was had, resulting in á verdict for defendant on each of said three causes of action. A verdict for the defendant was directed by the court on the third cause of action, while the verdict for the first and second causes of action was returned upon the submission of said causes to the jury.
A motion for a new trial was made and overruled, and a bill of exceptions was taken showing all of the evidence and the charge of the court, as well as all other questions of admission of evidence or otherwise, made on such trial, and the ruling of the court thereon, and the case was brought to this court on error for a review of the judgment below.
The issues, while somewhat complicated, can be simply stated as follows:
Plaintiff claims that certain publications made of him by the defendant were libelous per se and asks damages.
The defendant denies malice on its part in making such publications and sets out the facts *397 from which it claims that the publications complained of were privileged.
Plaintiff by reply denies the want of malice on the part of defendant, and denies that said publications, or any of them, were privileged.
The claim of privilege on the part of the defendant is based on Sections 11343-1 and 11343-2, General Code, and defendant’s whole case depends practically on the construction and validity of said statutes.
The plaintiff contends that said sections, and each of them, are in conflict with both the federal and the state constitutions, and therefore furnish no defense to said defendant.
Upon these respective theories the case is presented to us upon eighteen assignments of error, each of which is ably argued in the briefs filed by plaintiff in error, and all of which, together with the entire record, we have examined with care with reference'to each and every assignment of error. Upon such examination of the record and the briefs of counsel, both for plaintiff in error and defendant in error, we have arrived at the conclusion that the judgment of the court of common pleas should be affirmed. There is no such manifest error shown by the record as would justify a reve'rsal of said judgment.
Without entering into a discussion of the merits of the case we think that Sections 11343-1 and 11343-2, General Code, are not in such conflict with either the federal or state constitution as to render them, dr either of them, invalid or void, as applied to such a case as shown by the record herein; that the case was fairly submitted to the *398 jury upon such evidence offered as was pertinent and material, and upon the law as we find it to be; and that the verdict of the jury as returned is not against the evidence, or the weight of the evidence, and is not contrary to law. We do not say there were no errors made on the trial of the case, but we do say that in our opinion there were none that were sufficiently prejudicial to the plaintiff in error to justify us, as a reviewing court, in reversing said judgment, and we content ourselves with the simple statement of the conclusions reached without attempting to add anything to what has been said by counsel in their briefs and by the trial court in the published opinion. 17 N. P., N. S., 161.
It follows that the judgment of said court should be affirmed.

Judgment affirmed.

Shields and Houck, JJ., concur.
Judges of the Fifth Appellate District, sitting in place of Judges Kunkle, Allread and Ferneding of the Second Appellate District.