WEEREN v. EVENING NEWS ASSOCIATION.

1. LIBEL AND SLANDER—PRIVILEGE—PLEADINGS—ADMISSION.
   The question of privilege was properly determined by the trial court as a matter of law, where the circumstances giving rise to the occasion of televising the film which plaintiff claimed was defamatory of him are all admitted in the pleadings.

2. SAME—QUALIFIED PRIVILEGE—TELECASTER.
   Finding of trial court that defendant telecaster enjoyed a qualified privilege in televising documentary film "A Bell for Okinawa" held, amply supported by circumstances of the occasion.

3. SAME—QUALIFIED PRIVILEGE—MALICE—EXCESSIVE PUBLICATION.
   A qualified privilege may be lost by abuse, as with publication with actual malice or excessive publication.

4. SAME—QUALIFIED PRIVILEGE—MALICE—EVIDENCE.
   The showing of malice required for the forfeiture of a qualified privilege is not presumed but is a matter of proof by the plaintiff, it being necessary to show both the falsity of the statement and express malice.

5. SAME — SUMMARY JUDGMENT — TELECASTER — MALICE — EX-CESSIVE PUBLICATION.
   Summary judgment was properly granted defendant telecaster who had telecast "A Bell for Okinawa" twice, where record shows trial court properly found no showing of material falsity or malice and excessive publication could not be claimed (GCR 1963, 117).

Appeal from Wayne; Canham (James N.), J. Submitted Division 1 November 2, 1965, at Detroit. (Docket No. 50.) Decided December 20, 1965. Leave to appeal granted by Supreme Court March 18, 1966. See 377 Mich 705, 379 Mich 475.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 33 Am Jur, Libel and Slander § 296.
[3] 33 Am Jur, Libel and Slander §§ 113, 187.
[4] 33 Am Jur, Libel and Slander § 297.
[5] 33 Am Jur, Libel and Slander § 292 et seq.

Declaration by Franz J. Weeren against Evening News Association, a Michigan corporation, Reader's Digest Association, a foreign corporation, and National Broadcasting Company, a foreign corporation, for damages sustained by the showing of an allegedly defamatory television film. Service of process quashed and case dismissed as to defendant Reader's Digest Association. Discontinued without prejudice as to defendant National Broadcasting Company. Summary judgment for defendant Evening News Association. Plaintiff appeals. Affirmed.

*Kelman, Loria, Downing & Craig (George L. Downing,* of counsel), for plaintiff.

*Vandeveer, Haggerty, Doelle, Garzia, Tonkin & Kerr (Buell Doelle,* of counsel), for defendant.

QUINN, J.   Plaintiff filed this action on the theory that because of a telecast by defendant of a film entitled "A Bell for Okinawa", plaintiff was "defamed, cheapened, made notorious, subjected to contempt, ridicule, and inquisitive notice of the public, was singled out and identified to the public in a manner obnoxious to plaintiff, was subjected to contempt and ridicule and suffered deep humiliation and mental anguish in public and in private and in his employment both for himself and his family and plaintiff will in the future suffer humiliation and mental anguish and distress by reason of defendant's acts". Plaintiff further claimed that defendant made a second telecast of the same film after receipt of written notice from plaintiff's attorneys not to do so. Defendant admitted the telecasts, claimed its sole connection with "A Bell for Okinawa" was televising it, that it was a legitimate matter of news, and that the televising of it was justified and privileged. After several days of jury trial during which

the film in question was shown, but before the case was submitted to the jury, plaintiff's motion for mistrial was granted. Thereafter, defendant's motion for summary judgment was granted and this action was affirmed by the trial court on plaintiff's motion for new trial and for rehearing motion for summary judgment. Plaintiff appeals.

The 6 issues raised by plaintiff have been reviewed and this Court determines the basic issue is: Was the trial court correct in granting summary judgment under GCR 1963, 117, on the basis of the record then before it?

The pertinent facts are undisputed. Defendant is the proprietor of WWJ-TV, a Detroit area television station. It televised twice the film "A Bell for Okinawa", once after receiving a written warning from plaintiff's attorneys not to do so. The film was made by Bernard L. Schubert, Inc.; it was leased to defendant for two showings by Telestar Films, Inc., on defendant's Sunday program entitled "The Reader's Digest Hour". The film is a dramatic portrayal of the true story of how the head of a leper colony in Okinawa obtained a bell for the colony free of charge from Neukolln Iron Works in West Berlin. Plaintiff's· father owned the iron works, but plaintiff pleaded he was general manager at the time involved (the summer of 1952) and dealt with the head of the leper colony regarding the bell. Bruce· Bliven, Jr., wrote an article for "Christ Und Welt", a German Lutheran Church publication, relating·the story of the bell. A condensation of this article by the author appeared in the August, 1955, issue of Reader's Digest. The film involved was based on the condensation. It was viewed twice by the trial judge; at the time of oral argument, this Court was requested by both counsel to view the film and did so. The Reader's Digest article was an exhibit in the trial court and is before this Court. .

The circumstances giving rise to the occasion of televising the film are all admitted in the pleadings. This being true, the trial court properly held it was the trial court's duty to determine the question of privilege as a matter of law. *Lawrence* v. *Fox* (1959), 357 Mich 134.* The circumstances of the occasion amply support the trial court's finding that defendant enjoyed a qualified privilege in televising this documentary film.

Since the privilege is qualified, it may be lost by abuse, as with publication with actual malice or excessive publication. (See *Fox, supra.*) But as was said in *Fox* at p 146: "The showing of malice required for the forfeiture of the privilege is not presumed but is a matter of proof by the plaintiff." This rule has been approved by the United States Supreme Court in *New York Times Company* v. *Sullivan* (1964), 376 US 254 (84 S Ct 710, 11 L ed 2d 686, 95 ALR2d 1412). In the early case of *Edwards* v. *Chandler* (1866), 14 Mich 471 (90 Am Dec 249), the Supreme Court said (p 475):

"Where a communication is privileged, the plaintiff cannot recover without proving affirmatively not only the falsehood of its contents, but also that it was published with express malice. Unless he can prove both of these points he must fail."

With the pleadings, film and article on which the film was based before it, the trial court properly found no showing of material falsity or malice and granted summary judgment for defendant. There is no claim here, nor could there be on this record, of excessive publication.

---

* Only 3 Justices adopt this language in *Fox*, but in 3 subsequent cases, a unanimous Court adopts it. See *Cochrane* v. *Wittbold* (1960), 359 Mich 402; *Polcdna* v. *Bendix Aviation Corp.* (1960), 360 Mich 129; *Nuyen* v. *Slater* (1964), 372 Mich 654. On this basis, it is the law and *Fox* is cited because of its full and lucid discussion of the question that is before us.

The trial court is affirmed, with costs to appellee.

LESINSKI, C. J., and WATTS, J., concurred.