**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 19-2066 & 19-2525

_____

RONALD WATSON

v.

LLOYD INDUSTRIES, INC.,

                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-17-cv-01049)
District Judge: Honorable Michael M. Baylson

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 21, 2020

Before: McKEE, BIBAS, and NYGAARD, *Circuit Judges*

(Opinion Filed: August 19, 2020)
_____

OPINION∗
_____

_____

∗ This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Lloyd Industries challenges an allegedly excessive award of damages and attorneys' fees. Because we find there were reasonable grounds for each and that the punitive damage award satisfies the constitutional bar, we will affirm.[1]

## I.

We remain "mindful that our scope of review of a damages award is exceedingly narrow."[2] Likewise, we review a district court's award of attorneys' fees for abuse of discretion.[3] However, the constitutionality of a punitive damage award is reviewed *de novo*.[4]

## II.

Appellant challenges the emotional damages award ($50,000) on the grounds that Watson failed to describe sufficient emotional harm to warrant the jury's award. Evidence sufficient to sustain a jury award for such damages does not necessarily have to be "compelling," but it must exist.[5] Here there is testimony from Watson and his wife that his termination left emotional scars. In particular, there is evidence that the unprofessional behavior by Prendergast when informing Watson of his termination

---

[1] The district court held subject matter jurisdiction under 28 U.S.C. § 1331. This Court has appellate jurisdiction over the "final decision" of the district court under 28 U.S.C. § 1291.

[2] *Cooper Distrib. Co., Inc. v. Amana Refrigeration, Inc.*, 63 F.3d 262, 277 (3d Cir. 1995) (quotation omitted).

[3] *Krueger Assoc., Inc. v. Am. Dist. Tel. Co. of Pa.*, 247 F.3d 61, 69 (3d Cir. 2001).

[4] *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 436 (2001).

[5] *Bolden v. Se. Pa. Transp. Auth.*, 21 F.3d 29, 34 (3d Cir. 1994).

caused a lasting impact.[6] This testimony is sufficient evidence to support the emotional damages award. This is particularly true given our narrow scope of review. We must avoid seconding-guessing the fact-finder. "Evidence of pain and suffering is particularly ill-suited to review upon only a written record."[7]

Next, Appellant argues the punitive damage award, at five times the compensatory award, was excessive and inadequately supported by the district court's analysis. We must determine "whether the punitive damage award is so 'grossly disproportional' to [Appellant's] conduct as to amount to a constitutional violation."[8] Reviewing *de novo*, we find no violation. The ratio between the compensatory ($99,600) and punitive ($500,000) damages awarded here is 1:5, a single digit ratio, which falls within the Supreme Court's guidance.[9] The argument to the contrary ignores evidence of overtly racial bias that the jury found credible.

Finally, Appellant protests the attorney fee award on the grounds that Watson's counsel never submitted a fee schedule and that the district court awarded a single hourly rate for all of that counsel's services, rather than differentiating between the skilled legal work and more mundane tasks that should not command a premium rate. The district court did rely on the Community Legal Services fee schedule,[10] and we cannot say that

---

[6] App. 395-96. Watson testified that when asked why he had been picked to be laid off, Prendergast told him, "because I can." App. 395.

[7] *Walters v. Mintec/Intl.*, 758 F.2d 73, 81 (3d Cir. 1985) (quotation omitted).

[8] *Brand Mktg. Grp. LLC v. Intertek Testing Serv., N.A., Inc.*, 801 F.3d 347 (3rd Cir. 2015).

[9] *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 410 (2003).

[10] App. 69-80.

declining to delineate separate fee rates based on that framework was an abuse of discretion.

Thus, we will affirm the district court.