**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 10, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SEAN RIKER,

      Plaintiff,

v.

FEDERAL BUREAU OF PRISONS;
HARLEY LAPPIN, Director, Federal
Bureau of Prisons; RAY HOLT,
Director, Southeast Region Federal
Bureau of Prisons,

      Defendants-Appellees.

---

MARK JORDAN,

      Party-in-Interest-
      Appellant.

No. 08-1123
(D.C. No. 1:05-cv-01178-MSK)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mark Jordan, a federal prisoner proceeding pro se, appeals from the district court's partial denial of his motion to unseal documents in Colorado district court case No. 05-cv-01178-MSK, *Riker v. Federal Bureau of Prisons*.  Mr. Jordan argues that the district court (1) abused its discretion in denying his common-law right of access to the documents and (2) erred in failing to assess his right of access under the First Amendment.  We affirm.

## BACKGROUND

In June 2005, Sean Riker, who was a federal prisoner at that time, filed a civil action in district court asserting that he was in imminent danger of harm from other prisoners.  Defendants, the Bureau of Prisons (BOP) and two BOP directors,[1] moved for expedited sealing of Mr. Riker's complaint, documents #2 and #4, and his motion for expedited ruling on the complaint, document #9.  The district court preliminarily sealed the documents, which the court found appeared to contain information of a sensitive nature, pending a determination of the BOP's motion to seal.  In October, the district court granted the parties' stipulated motion to dismiss the case with prejudice.

Nearly two years later, Mr. Jordan moved to unseal the documents so that he could use them to prepare a post-conviction motion with respect to his conviction for murdering an inmate.  *See United States v. Jordan*, 485 F.3d 1214, 1219-24 (10th Cir.) (affirming murder conviction, upholding district court's

---

[1]     We refer to the defendants collectively as the BOP.

-2-

decision to exclude evidence allegedly showing that Mr. Riker committed that murder, and concluding that even if court should not have excluded evidence, it was harmless error to do so), *cert. denied*, 128 S. Ct. 636 (2007). Mr. Jordan asserted that he was wrongly convicted and that although Mr. Riker provided statements to the FBI and testified for the government before the grand jury identifying Mr. Jordan as the murderer, Mr. Riker actually committed the murder. Mr. Jordan contended that the government failed to notify him before his trial of Mr. Riker's filings in No. 05-cv-01178-MSK and that the sealed documents may be evidence or could lead to evidence that would support his post-conviction motion. Mr. Jordan asserted that any need to seal the documents had ended because Mr. Riker himself had acknowledged that his informant status is known at every federal prison and because Mr. Riker has been released from prison.

The district court granted Mr. Jordan's request that document #9, the motion for expedited ruling, be unsealed, but denied his request that #2 and #4, the complaint documents, be unsealed. Recognizing a common-law right of access to judicial records, the court found that the public interest in accessing the documents was fairly weak because the court had never actually considered them in making a substantive ruling as Mr. Riker's case was resolved without judicial intervention. With respect to the BOP's interest in keeping the information private, the court found that the sealed information was of a sensitive nature, that Mr. Riker confessed in a public document that he was an informant thereby

potentially exposing himself to a risk of physical harm, and that the basis for sealing, Mr. Riker's belief that he was in imminent danger, may continue even though he has been released from custody. Weighing the fairly weak public interest in unsealing the two documents against the interests of Mr. Riker and the BOP in keeping the documents sealed, the court concluded that there was compelling cause to continue to seal the documents. Mr. Jordan appealed.

## ANALYSIS

### I. Common-Law Right of Access

Mr. Jordan argues that the district court abused its discretion in denying his common-law right of access to the sealed documents. He maintains the district court failed to give proper weight to his interests and the interests of the public, wrongly assuming that the public right of access is weak. Instead, he contends that the common-law right of access applies categorically to all judicial records and documents, regardless of whether the district court considered the documents in reaching a substantive ruling. Mr. Jordan also argues that the district court engaged in inappropriate fact finding, premised its decision on conclusory fears and speculative risks, improperly advocated the BOP's position, and failed to assign the burden of proof to the BOP. Further, he argues the court failed to apply the proper legal standards in its balancing analysis because the court failed to presume the public interest was paramount and did not apply the compelling reasons standard. We reject these arguments.

-4-

"Whether judicial records . . . should be sealed . . . is a matter left to the sound discretion of the district court." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). We will reverse a district court's order to seal documents only if "we have a definite and firm conviction that [the court] made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* (quotation omitted).

"Courts have long recognized a common-law right of access to judicial records." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "The right is an important aspect of the overriding concern with preserving the integrity of the law enforcement and judicial processes." *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985); *see also FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987) ("The appropriateness of making court files accessible is accentuated in cases where the government is a party: in such circumstances, the public's right to know what the executive branch is about coalesces with the concomitant right of the citizenry to appraise the judicial branch."). But this right of access is not absolute; it can be rebutted when other interests outweigh the public interests in access. *Mann*, 477 F.3d at 1149. "All courts have supervisory powers over their own records and files. Thus a court, in its discretion, may seal documents if the public's right of access is outweighed by competing interests." *Hickey*, 767 F.2d at 708 (citations and quotation marks omitted). "The party seeking to overcome the presumption [of access] bears the

burden of showing some significant interest that outweighs the presumption." *Mann*, 477 F.3d at 1149 (quotation marks omitted). Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests. *See Hickey*, 767 F.2d at 708.

Like the district court, we first consider the public's interest in the documents. "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Especially "where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006); *see also Standard Fin. Mgmt. Corp.*, 830 F.2d at 409 ("[R]elevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies[.]"). On the other hand, where the documents "play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Lugosch*, 435 F.3d at 121 (quotation marks omitted).

The complaint documents at issue here are the type that are generally made available for public access. But these documents had little to do with the district

court's exercise of judicial power, as the court considered the documents only to determine whether to seal them. No further adjudication occurred. Thus, the district court correctly determined that the public's interest in access to the documents is weak.

Next, the district court correctly recognized that the BOP articulated a competing interest to the right to public access: the need to protect Mr. Riker's safety. Although Mr. Jordan criticizes the BOP and the district court for stating this interest in only conclusory terms, the sensitive nature of the sealed documents warrants the conclusory treatment.

After acknowledging both sides' interests, the district court then correctly balanced the public's interest in access against the interest of ensuring Mr. Riker's safety. The nature and degree of the potential injury to Mr. Riker could be quite significant. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Thus, as the district court found, the BOP met its burden of showing a significant interest that outweighed the presumption of access. *See Mann*, 477 F.3d at 1149.

We therefore conclude the district court did not abuse its discretion in concluding there was a compelling reason to continue to seal the two documents. Mr. Jordan's "generalized claim that the file might contain helpful matter does not outweigh the government's justifiable concern with safety." *Hickey*, 767 F.2d at 709. Furthermore, our review of the sealed documents leads us to the

conclusion that there is nothing in them raising a reasonable doubt about Mr. Jordan's guilt. And Mr. Jordan is clearly aware of Mr. Riker's FBI statements and grand jury testimony.

## II. First Amendment Right to Access

Mr. Jordan next argues that the district court erred in failing to assess his right to access under the First Amendment. The BOP counters that Mr. Jordan failed to argue in district court that he has a First Amendment right of access to Mr. Riker's complaint, and he therefore cannot raise this argument for the first time on appeal. We recognize that Mr. Jordan did not expressly raise a First Amendment argument in district court, but he did cite to *Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 603-04 (1982), which reaffirms the First Amendment right of access to criminal trials. Liberally construing Mr. Jordan's district court filings as raising a First Amendment claim, we proceed to consider this claim. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (construing pro se pleadings liberally).

The Supreme Court has not yet ruled that there is a constitutional right to access court documents. *See United States v. Gonzales*, 150 F.3d 1246, 1256 (10th Cir. 1998); *United States v. McVeigh*, 119 F.3d 806, 812 (10th Cir. 1997). Even assuming, without deciding, that there is a First Amendment right to court documents, that right is not absolute. *See Globe Newspaper*, 457 U.S. at 606. "Where . . . the State attempts to deny the right of access in order to inhibit the

-8-

disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling government interest, and is narrowly tailored to serve that interest." *Id.* at 606-07. Applying this test, we conclude, as a matter of law, based upon our prior discussion, that any interest Mr. Jordan has is outweighed by the safety needs of Mr. Riker. Accordingly, Mr. Jordan cannot obtain access to the sealed documents.

## PENDING MOTIONS

Mr. Jordan attached to his reply brief a five-page document that had not been part of the district court record. The BOP moved to strike the attachment. Mr. Jordan then moved to supplement the record on appeal, a motion the BOP opposes.

> Federal Rule of Appellate Procedure 10(e) authorizes the modification of the record only to the extent it is necessary to "truly disclose[] what occurred in the district court." This court will not consider material outside the record before the district court. . . . Rule 10(e) allows a party to supplement the record on appeal but does not grant a license to build a new record.

*United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000) (citations and quotation marks omitted). Because this document was not before the district court, Rule 10(e) does not permit supplementing the record. Nor is this a case where we will exercise our inherent equitable power to allow Mr. Jordan to supplement the record. *See id.* at 1192.

CONCLUSION

The judgment of the district court is AFFIRMED. The BOP's motion to strike is GRANTED, and Mr. Jordan's motion to supplement the record is DENIED. We remind Mr. Jordan that he must continue to make partial payments until the entire filing fee has been paid.

Entered for the Court

Monroe G. McKay
Circuit Judge