GLD-226                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2473
_____

STEVEN JANKOWSKI,
                                                        Appellant

v.

EXTENDICARE HOMES, INC.,
d/b/a Abington Crest Nursing & Rehabilitation Center
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00006)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 30, 2011
Before:  AMBRO, CHAGARES and COWEN, Circuit Judges

(Opinion filed: July 7, 2011 )
_____

OPINION
_____

PER CURIAM

        Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, the District Court

entered an order in June 2010, dismissing the underlying employment discrimination suit

based on a settlement agreement between Steven Jankowski and his former employer,

Extendicare Homes, Inc. Tenths months later, Jankowski moved to seal the entire record of his suit in case number 10-cv-00006. In a letter to the District Court, Jankowski stated that despite his having "worked 18 years as [a] nurse with [a] clean nursing record and good qualifications, no one will hire me after they do a background check and see that I filed a lawsuit against my former employer." (DC dkt #13, pg. 1.)

The District Court denied Jankowski's motion to seal. In doing so, the District Court took note of our precedent holding that there is a presumption of access to judicial records, see In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001), that a party seeking to seal a portion of the judicial record bears the burden of demonstrating that "disclosure will work a clearly defined and serious injury to the party seeking disclosure," Miller v. Ind. Hosp., 16 F.3d 549, 551 (3d Cir. 1994), and, further, that "[a] party who seeks to seal an *entire* record faces an even heavier burden." Id. (emphasis in original). The District Court determined that Jankowski "failed to establish that the need for secrecy outweighs the presumption in favor of access [to judicial records]." (DC Op., dkt #14 at pg. 2). Jankowski appealed.[1]

We will summarily affirm the District Court's order denying the motion to seal because we agree that Jankowski has not carried his heavy burden of overcoming the presumption of access to judicial records. Before the District Court, Jankowski claimed to have suffered a two-and-one-half-years employment drought, based on his alleged

---

[1] We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's order denying the motion to seal. In re Newark Morning Ledger Co., 260 F.3d 217, 220 (3d Cir. 2001). We may summarily affirm an order of the District Court "if it clearly appears that no substantial question is presented" by the appeal. I.O.P. 10.6.

2

blacklisting by employers of nurses. But Jankowski did not present the District Court with any evidence of having applied for nursing positions—or any other jobs for that matter—during that period of time. Even assuming that he did apply for certain nursing positions, Jankowski did not present any evidence either indicating that he was actually qualified for those specific positions, or indicating why his applications were otherwise rejected.

In Cendant Corp., we stated that, for "the party seeking the closure of a hearing or the sealing of part of the judicial record[,] . . . [b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." 260 F.3d at 194; see also LEAP Sys., Inc. v. MoneyTrax, Inc., 638 F.3d 216, 222 (3d Cir. 2011) (noting that "LEAP's vague assertions that the transcript [memorializing the terms of the parties' settlement agreements] contains 'secretive business information,' and that disclosure would 'render LEAP at a tactical disadvantage,'" were, without more, insufficient to justify unsealing that portion of the judicial record). That statement holds true here and it, in tandem with the reasons given by the District Court, directs that we affirm.