# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 11-3009

———————————————

IDT Corp; Net2Phone, Inc.

*Plaintiffs - Appellees*

v.

eBay; Skype, Inc.; Skype Technologies, S.A.

*Defendants - Appellees*

Arkansas Public Law Center

*Intervenor - Appellant*

——————

Appeal from United States District Court
for the Western District of Arkansas - Texarkana

——————

Submitted: April 16, 2012
Filed: February 11, 2013

——————

Before LOKEN, COLLOTON, and SHEPHERD, Circuit Judges.

——————

COLLOTON, Circuit Judge.

The Arkansas Public Law Center ("APLC") moved to unseal a complaint filed by IDT Corp. and Net2Phone, Inc. in a civil suit against eBay, Inc., Skype, Inc., and

Skype Technologies S.A.  The district court[1] denied APLC's motion.  We discern no abuse of discretion in the district court's decision to seal sensitive business information included in the complaint, but we vacate the order and remand for the district court either to explain why sealing of the entire pleading is warranted or to unseal a redacted version of the complaint.

I.

Skype, eBay, IDT, and Net2Phone, which we will sometimes describe collectively as "the companies," were adverse parties in a series of patent disputes that have been settled.  Net2Phone sued eBay and Skype for patent infringement in 2006.  eBay sued IDT for patent infringement in 2008.  Because the litigation triggered the exchange of sensitive financial and technological information, the parties conducted discovery in both cases pursuant to protective orders filed in accordance with Federal Rule of Civil Procedure 26(c).  *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32-36 (1984).

As trial approached in the patent disputes, IDT and Net2Phone filed an antitrust suit against eBay and Skype, alleging a conspiracy to monopolize, monopolization, and attempted monopolization, in violation of 15 U.S.C. § 2.  The only public record of this document is a civil cover sheet on file with the district court.  The plaintiffs submitted an unopposed motion to file their complaint under seal on the ground that the complaint referred to information that was produced subject to protective orders in the patent infringement actions.  The district court granted the motion, and the complaint was filed under seal.  Three weeks later, the parties reached a settlement in all three cases, and they filed a joint stipulation of dismissal in the antitrust case.  The district court then dismissed the antitrust suit with prejudice as a result of the

---

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

settlement, and retained jurisdiction over the matter for the purpose of enforcing the settlement.

APLC then moved to intervene in the antitrust suit, pursuant to Federal Rule of Civil Procedure 24(b), and moved to unseal the complaint. The district court granted the motion to intervene. After *in camera* review of the complaint, however, the court denied APLC's motion to unseal the pleading, stating that the "parties' interests in protecting their confidential information outweighs any general interest of public access." APLC now appeals.

II.

There is a common-law right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The Court in *Nixon* explained that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents," but that "the right to inspect and copy judicial records is not absolute." *Id.* at 597-98 (footnotes omitted). This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993), and "to keep a watchful eye on the workings of public agencies." *Nixon*, 435 U.S. at 598. It also provides a measure of accountability to the public at large, which pays for the courts. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

This court, noting the agreement of the parties, applied the common-law right of access to a civil proceeding in *Webster Groves School District v. Pulitzer Publishing Co.*, 898 F.2d 1371, 1376-77 (8th Cir. 1990). Ten other circuits have held that the common-law right applies in the civil context. *See Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d

110, 119-24 (2d Cir. 2006); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848-49 (5th Cir. 1993); *Republic of Phil. v. Westinghouse Elec. Corp.*, 949 F.2d 653, 659-62 (3d Cir. 1991); *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 169-70 (9th Cir. 1990) (per curiam); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252-54 (4th Cir. 1988); *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 408 & n.4 (1st Cir. 1987); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570-72 (11th Cir. 1985) (per curiam); *Matter of Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308-09 (7th Cir. 1984); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178-79 (6th Cir. 1983). The D.C. Circuit likewise decided in light of *Nixon* to "take it as a given that there is a tradition of public access to court records, and that that right is not absolute." *In re Reporters Comm. for Freedom of the Press*, 773 F.2d 1325, 1333 (D.C. Cir. 1985) (Scalia, J.). The companies here do not rely on a categorical exemption for civil litigation. We agree with the other circuits that the common-law right of access applies to judicial records in civil proceedings.

The companies also do not dispute that the antitrust complaint in this case is a "judicial record" to which a common-law right of access attaches. There may be a historical case to be made that a civil complaint filed with a court, but then soon dismissed pursuant to settlement, is not the sort of judicial record to which there is a presumption of public access. *See id.* at 1333-36 & n.8; *Schmedding v. May*, 48 N.W. 201, 202 (Mich. 1891); *Cowley v. Pulsifer*, 137 Mass. 392, 394 (1884) (Holmes, J.); *but cf. Campbell v. New York Evening Post*, 157 N.E. 153, 155-56 (N.Y. 1927). The companies, however, acquiesce in what appears to be a modern trend in federal cases to treat pleadings in civil litigation (other than discovery motions and accompanying exhibits) as presumptively public, even when the case is pending before judgment, *see San Jose Mercury News, Inc. v. United States Dist. Court*, 187 F.3d 1096, 1101-02 (9th Cir. 1999); *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 8-10 (1st Cir. 1998), or resolved by settlement, *see Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1015 (11th Cir. 1992); *Bank of Am. Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 343 (3d Cir. 1986). The companies argue only

-4-

that the interests of the parties in protecting confidential information outweighed the public's generalized interest in access. Whatever the merit of a narrower approach to the meaning of "judicial record," the companies here have waived any claim to its application.

As the case comes to us, therefore, the question is whether there were sufficient grounds to override the common-law right of access and to justify the district court's order sealing the entire antitrust complaint. We review the district court's determination on that point for abuse of discretion. *Webster Groves Sch. Dist.*, 898 F.2d at 1376.

APLC asserts that the district court abused its discretion because the parties to the underlying litigation did not present sufficient reasons to justify the order. Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed. *See id.* The Second Circuit usefully observed that judicial records and documents generally will "fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). "[T]he decision as to access is one best left to the sound discretion of the trial court . . . in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599; *see also United States v. McDougal*, 103 F.3d 651, 657-58 (8th Cir. 1996); *United States v. Webbe*, 791 F.2d 103, 106 (8th Cir. 1986).

APLC urged the district court to unseal the complaint in the interest of "an open court system," and the companies responded that the document should be sealed to protect the confidentiality of sensitive business information. *See Nixon*, 435 U.S. at 598. The district court found that the complaint contains information that was

produced subject to a protective order that covers trade secrets and other confidential research. The district court presided over the patent litigation for several years and was familiar with the details of the underlying disputes and the protective orders in question. The court's *in camera* review of the complaint was a sufficient procedure in these circumstances to determine whether that document contained information subject to the protective orders. *See In re Iowa Freedom of Info. Council*, 724 F.2d 658, 663 (8th Cir. 1984). We thus see no clear error in the court's finding that the complaint contained "confidential and competitively sensitive information."

In weighing the competing interests, the district court referred to APLC's "generalized interest in access to the complaint," and we think the court properly treated as minimal the public's interest in access to this antitrust complaint. Modern cases on the common-law right of access say that "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Amodeo*, 71 F.3d at 1049; *see also Lugosch*, 435 F.3d at 119; *In re Boston Herald, Inc.*, 321 F.3d 174, 198 (1st Cir. 2003). The complaint in this case "play[ed] only a negligible role in the performance of Article III duties." *Amodeo*, 71 F.3d at 1050. The court never adjudicated any aspect of the claims on the merits; its only action before APLC's intervention was to enter a stipulated dismissal based on a settlement. The antitrust complaint is thus analogous to the complaint documents in *Riker v. Federal Bureau of Prisons*, 315 F. App'x 752 (10th Cir. 2009), where the public's interest in access was "weak," because the court considered the documents "only to determine whether to seal them," and they "had little to do with the district court's exercise of judicial power." *Id.* at 755. In this circumstance, "the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Amodeo*, 71 F.3d at 1050.

For these reasons, we conclude that the district court did not abuse its discretion in determining that the potential harm in unsealing "confidential and competitively sensitive information" outweighs APLC's "generalized interest in access to the complaint." After reviewing the complaint and the district court's order, however, it is unclear to us why the court concluded that the *entire* document should remain under seal. While the district court was justified in sealing information derived from materials produced under the protective orders, portions of the complaint may be amenable to public access without jeopardizing the confidentiality of sensitive information exchanged in the patent infringement litigation. *See Amodeo*, 44 F.3d at 147 (concluding that "it is proper for a district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document"). On the other hand, confidential information may be so embedded in a pleading that line-by-line redaction is impossible, *see In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988), or redaction might be insufficient to protect the interests that justify sealing, *see Goff v. Graves*, 362 F.3d 543, 550 (8th Cir. 2004). On the present record, there is not a sufficient explanation from the district court for us to evaluate whether redaction was a reasonable alternative to sealing the entire complaint.[*]

_____

[*]We reject APLC's alternative contention that a right of public access grounded in the First Amendment applies to the antitrust complaint, such that a more stringent standard must be satisfied before the pleading may be sealed. This circuit has not decided whether there is a First Amendment right of public access to the court file in civil proceedings. *See Webster Groves Sch. Dist.*, 898 F.2d at 1377. For such a right to be recognized, the Supreme Court's decisions establish at least two prerequisites: (1) a historical tradition of accessibility, and (2) a significant positive role for public access in the functioning of the judicial process in question. *See Press-Enterprise Co. v. Superior Court of Cal., Cnty. of Riverside*, 478 U.S. 1, 8 (1986). Whatever the evolution of the federal common-law right of access, APLC has not established a strong historical tradition of public access to complaints in civil cases that are settled without adjudication on the merits. *See In re Reporters Comm. for Freedom of the*

For these reasons, we vacate the district court's order denying the motion to unseal the complaint. We remand the case for the district court to assess whether redaction of confidential business information is practicable. The court should either unseal a redacted complaint or deny the motion to unseal with an explanation why the entire complaint should remain under seal.

———————————————————

*Press*, 773 F.2d at 1333-36 & n.8. And public access to the complaint would add little if any value to the judicial process where, as here, the court's only action was to seal the complaint and sign a stipulated dismissal.