# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2678
_____

Gena Duckworth

*Plaintiff*

Tamatha Fischer

*Plaintiff - Appellant*

Sandra Delaney

*Plaintiff*

v.

St. Louis Metropolitan Police Department; Board of Police Commissioners of the City of St. Louis; Bart Saracino; Michael J. Quinn; Francis G. Slay, ex officio, as Members of the Board of Police Commissioners; Chief Joseph Mokwa; Roy Joachimstaler, Major; Antoinette Filla, Captain, in their individual and official capacities; Jo Ann Freeman Morrow, Member of the Board of Police Commissioners; Chris Goodson, Member of the Board of Police Commissioners

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: May 31, 2016
Filed: June 13, 2016
[Unpublished]

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

In 2003 Tamatha Fischer sued her employer, the St. Louis Metropolitan Police Department, for employment discrimination. The case settled in 2008, and in 2015 Fischer moved to seal the entire record in her discrimination action, to remove it "from PACER and the Internet," and to redact her name and initials from all documents related to the case. The motion alleged that Fischer had been denied employment at eight law enforcement agencies because they could access the records from her discrimination action. The district court[1] denied the motion, and Fischer appeals. We affirm.

We review the district court's order for abuse of discretion. Webster Groves Sch. Dist. v. Pulitzer Pub. Co., 898 F.2d 1371, 1376 (8th Cir. 1990). Whether or not to seal a court file is a decision "best left to the sound discretion of the trial court." United States v. Webbe, 791 F.2d 103, 106 (8th Cir. 1986) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 599 (1978)). While there is a "common-law right of access to a civil proceeding . . . that right is not absolute." IDT Corp. v. eBay, 709 F.3d 1220, 1222 (8th Cir. 2013) (internal quotation marks omitted). The court must balance "the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed." Id. at 1223.

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

-2-

Fischer argues that the district court's denial of her motion to seal was an abuse of discretion. She alleges that because of her discrimination lawsuit she "has been unable to become gainfully employed because every potential job employer and interviewer asks about this case." Her motion lists eight law enforcement agencies to which she has applied, but she did not provide any evidence to show that she was qualified for these positions or that a less qualified applicant was hired for any of them. See, e.g., Jankowski v. Extendicare Homes, Inc., 436 F. App'x 66, 68 (3d Cir. 2011) (unpublished).

On this record we cannot conclude that the district court abused its discretion by denying the motion to seal. Accordingly, we affirm.

_____