# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3761
_____

United States of America,

*Plaintiff - Appellee,*

v.

David Garner,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: February 2, 2022
Filed: July 11, 2022
_____

Before COLLOTON, BENTON, and KOBES, Circuit Judges.
_____

COLLOTON, Circuit Judge.

David Garner is an inmate serving a sentence in federal custody after he was convicted in 2007 for unlawful possession of a firearm as a convicted felon. In July 2021, the government petitioned under 18 U.S.C. § 4245(a) to determine Garner's present mental condition. After a hearing, the district court ordered Garner committed to the custody of the Attorney General for treatment of a mental disease

or defect at the Federal Medical Center in Springfield, Missouri. *See* 18 U.S.C. § 4245(d). Garner filed a notice of appeal on his own without counsel, and the clerk of this court appointed the federal public defender to represent Garner on appeal. Counsel has filed a motion to withdraw from representing Garner and a separate motion to file counsel's motion to withdraw under seal.

We deny the motion to file under seal as overbroad. Counsel states that the motion to withdraw will cite "psychological reports and conclusions admitted into evidence," and that "the private nature of these documents" justifies filing them under seal. But only two paragraphs of the nine-page motion to withdraw refer to psychological reports and conclusions. Assuming for the sake of analysis that the psychological information should be sealed, there is no basis to seal the remainder of the motion to withdraw. A proper motion to seal should be narrowly drawn and accompanied by a proposed redacted filing for the public docket. As counsel's present motion seeks to seal the entire motion to withdraw without any proffered justification, the motion is denied.

We note also that any motion to seal must justify why psychological reports and conclusions should be filed under seal. Court proceedings are presumptively public. Counsel has not cited authority or developed an argument as to why a court's decision to commit a person against his will for mental health treatment should be made and reviewed in secret. Public court records not infrequently include otherwise private medical information in cases involving such matters as disability benefits, *e.g.*, *Schmitt v. Kijakazi*, 27 F.4th 1353, 1358-60 (8th Cir. 2022), insanity defenses in criminal cases, *e.g.*, *Elam v. Denney*, 662 F.3d 1059, 1061-63 (8th Cir. 2011), alleged medical malpractice, *e.g.*, *Miner v. United States*, 94 F.3d 1127, 1128-30 (8th Cir. 1996), and eligibility for execution in capital cases, *e.g.*, *Williams v. Kelley*, 858 F.3d 464 (8th Cir. 2017). In a civil commitment case, as in these others, a court's decision on the merits often depends on an assessment of medical or psychological evidence. Any renewed motion to seal should address specifically why information

that is material to a decision on whether a person is properly committed involuntarily for mental health treatment should not be available for public scrutiny.

Counsel's motion to withdraw suggests that there is no non-frivolous issue for appeal and that he is ethically obliged to withdraw. Counsel points to conflicting guidance in unpublished decisions of this court about whether his motion to withdraw should be accompanied by a brief of the sort described in *Anders v. California*, 386 U.S. 738 (1967). In one decision, this court concluded that the prophylactic *Anders* framework was inapplicable, and directed counsel not to file an *Anders*-type brief in future cases, because there is no constitutional right to counsel in a civil commitment proceeding. *United States v. Cabines*, 816 F. App'x 29, 30 n.2 (8th Cir. 2020) (per curiam). In another, however, this court directed counsel to file a brief in accordance with the *Anders* procedures. *United States v. Lamons*, No. 21-2728 (8th Cir. Oct. 4, 2021) (order denying motion for leave to withdraw). Counsel did not file an *Anders* brief in this case, but understandably expressed uncertainty in the motion about how an attorney should proceed.

We will grant the motion to withdraw and will not require a brief of the sort described in *Anders*. The prophylactic *Anders* procedures and their constitutional equivalents apply only when a litigant has a constitutional right to counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 554-55 (1987). A prisoner who is subject to a hearing on his mental condition is entitled to counsel at the hearing under a statute. 18 U.S.C. §§ 4245(c), 4247(d). But this court has said that there is no constitutional right to counsel at such a hearing. *United States v. Veltman*, 9 F.3d 718, 721 & n.5 (8th Cir. 1993); *see Vitek v. Jones*, 445 U.S. 480, 497 (1980) (plurality opinion); *id.* at 498-500 (Powell, J., concurring in part); *T.R. v. Havens*, 612 F. App'x 83, 87 (3d Cir. 2015). It follows that there is no constitutional right to counsel on appeal from an order committing the prisoner for treatment. On review of the motion and the record, we are satisfied that counsel's ethical obligation to refrain from prosecuting a frivolous appeal justifies his motion to withdraw.

For these reasons, the motion to seal counsel's motion to withdraw is denied, and the motion to withdraw is granted, subject to any further representation that counsel deems appropriate with regard to the matter of filing documents under seal.

_____