# United States Court of Appeals
## For the Eighth Circuit
_____

No. 22-1031
_____

United States of America,

*Plaintiff - Appellee*,

v.

Dewayne Gray,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: November 18, 2022
Filed: February 1, 2023
_____

Before COLLOTON, SHEPHERD, and GRASZ, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Dewayne Gray appeals a judgment of the district court[*] committing him to the custody of the Attorney General for medical care and treatment under 18 U.S.C. § 4246. The court found that Gray presently suffered from a mental disease or defect as a result of which his release from custody posed a substantial risk of bodily injury to another person or serious damage to the property of another. We conclude that the findings underlying the commitment were not clearly erroneous, and affirm the judgment.

I.

Gray has a history of schizophrenia and violent acts. Since 2013, he has been convicted twice for assault with significant bodily injury and five times for simple assault. In 2019, while on supervised release for an earlier assault conviction, he repeatedly punched a stranger on the street in the head. For that assault, he was sentenced to thirty months' imprisonment.

In February 2020, while serving a federal prison sentence, Gray was transferred to the United States Medical Center for Federal Prisoners in Springfield, Missouri. At the Medical Center, however, he failed to comply with his medication regimen, and he assaulted staff members.

In January 2021, Gray was committed to the custody of the Attorney General under 18 U.S.C. § 4245. That provision allows for the hospitalization of a person who is serving a sentence in a criminal case where the offender is presently suffering

---

[*]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable David P. Rush, United States Chief Magistrate Judge for the Western District of Missouri.

from a mental disease or defect. The offender may be hospitalized until he no longer needs care or treatment or until his sentence of imprisonment expires, whichever occurs earlier. 18 U.S.C. § 4245(d).

As Gray's sentence neared expiration, the Medical Center convened a risk assessment review panel to determine whether Gray met the criteria for civil commitment under 18 U.S.C. § 4246. Section 4246 provides for the indefinite hospitalization of a prisoner who is due for release if a court finds by clear and convincing evidence that the prisoner is suffering from a mental disease or defect as a result of which his release would pose a substantial risk of bodily injury to another person or serious damage to the property of another.

The review panel was composed of a psychologist and a psychiatrist who interviewed Gray and considered his records. The panel recommended Gray's commitment, and the warden of the Medical Center certified the recommendation. The panel cited Gray's "severe mental illness, his lengthy history of violent and destructive acts and threats, caused by audio hallucinations which direct him to act, his history of noncompliance with medication which causes his symptoms to worsen, his history of substance abuse, his poor supervision history, and the lack of any viable plan for his release."

The government petitioned the district court under § 4246 for a hearing on whether Gray should be committed. Gray sought an independent examination from an outside physician, and she also recommended commitment. After a hearing at which Gray testified, a magistrate judge recommended Gray's commitment. Gray objected, but the district court adopted the recommendation and ordered Gray committed to the custody of the Attorney General under § 4246.

Gray argues on appeal that the district court's determination was not supported by clear and convincing evidence. We review the district court's factual findings for

clear error. *United States v. Thomas*, 949 F.3d 1120, 1123 (8th Cir. 2020). We will reverse a finding of fact only when left with a "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

The district court's finding that Gray posed a substantial risk to persons or property was adequately supported in the record. The court relied on the unanimous recommendation of the experts. The experts observed that the most reliable predictor of future violence is past violence, and they detailed Gray's history of random and unpredictable violent actions.

Gray contends that these recommendations did not reflect his "present" mental condition. He asserts that his condition improved after he began a new medication regimen, and that the district court clearly erred by giving inadequate weight to his recent improvements and to his testimony at the hearing.

The district court did consider Gray's testimony regarding new medication and noted his apparent "improved stability in the highly-structured setting" of the Medical Center. The court concluded, however, that "due to his limited insight as to his illness, the likelihood is high that, if released, he would not comply with treatment and medication and would use substances." This finding is supported by Gray's history and the opinion of experts. The review panel specifically found that "[g]iven his lengthy history of violating the conditions of supervision and his current lack of insight, there is no reasonable expectation that he would maintain compliance with psychiatric medication and refrain from substance abuse and criminal behavior (particularly assaultive behavior) in the community." We conclude that there was no clear error in the district court's finding of future dangerousness.

-4-

II.

This appeal also involves an order to show cause why the briefs in this case should not be unsealed. The parties were allowed by clerk's order to file their briefs under seal, but the matter is now before the panel. As discussed in *United States v. Garner*, 39 F.4th 1023 (8th Cir. 2022), court proceedings are presumptively public, and public court records not infrequently include otherwise private medical information when a court's decision depends on an assessment of medical or psychological evidence. We explained in *Garner* that counsel seeking to seal briefs in a civil commitment proceeding must explain why a court's decision to commit a person against his will for mental health treatment should be reviewed based on arguments made in secret. We also emphasized that a proper motion to seal should be narrowly drawn and accompanied by a proposed redacted filing for the public docket. *Id*. at 1024.

The parties assert that the briefs should be sealed in their entirety because they include references to "personal information and psychiatric records" regarding Gray's "medical and mental health issues." They argue that there is "little need" for the public to access the details of Gray's medical and mental health history while he is in custody, and suggest that Gray would be prejudiced if his medical and mental health records were disclosed. They also assert that the Medical Center is a "covered entity" under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), and that records from the Medical Center may not be disclosed without consent of the patient. As for filing a proper motion to seal that is narrowly drawn, the parties respond that the process of redacting briefs would be "onerous," and that attorneys could make a "mistake" that would subject them to liability for improper disclosure under HIPAA. They also suggest that civil commitment cases should be treated in the same manner as social security and immigration cases under Federal Rule of Civil Procedure 5.2(c), as incorporated into appellate rules of procedure. *See*

Fed. R. App. P. 25(a)(5); 8th Cir. R. 25A(k). Those rules provide for limited remote access to electronic files, but do not authorize the filing of briefs under seal.

We have considered these points, but conclude that the parties have not made a sufficient showing to justify sealing the briefs in this appeal. There is a common law presumption of public access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). The presumption is based on the need for the federal courts "to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). That need is particularly acute when a proceeding involves the deprivation of a person's liberty. We recognize that a civil commitment proceeding necessarily requires discussion of a party's mental health, but there is systemic value in the potential for public scrutiny of decisions ordering a person committed indefinitely against his will. As we pointed out in *Garner*, publicly-filed briefs address otherwise private medical information in cases involving such matters as disability benefits, insanity defenses in criminal cases, alleged medical malpractice, and eligibility for execution in capital cases. 39 F.4th at 1024. The parties, moreover, have not suggested that this court's decision in a civil commitment case should be filed under seal, so it is difficult to discern what incremental benefit to privacy would be served by sealing briefs that refer to the same evidence and arguments that are necessarily discussed by the court.

The parties also suggest that information discussed in the briefs may not be disclosed without the consent of a patient under the terms of HIPAA. Referring to the Medical Center for Federal Prisoners, they assert that "[t]he entity producing the records is a HIPAA covered entity." A "covered entity"—that is, a health plan, a health care clearinghouse, or a health care provider who transmits any health information in electronic form in connection with a transaction covered by the Act, 45 C.F.R. § 160.103—may not "use or disclose protected health information" except as permitted or required by regulation. 45 C.F.R. § 164.502.

The Bureau of Prisons, however, has determined that it is not a "covered entity" under HIPAA. *See* Infectious Disease Management: Voluntary and Involuntary Testing, 70 Fed. Reg. 29191, 29192 (May 20, 2005) ("The Bureau of Prisons is not a 'covered entity' under subsequent regulations promulgated by the Department of Health and Human Services to implement HIPAA"); U.S. Dep't of Just. Fed. Bureau of Prisons, Program Statement No. 6090.04, Health Information Management 9 (2015) (explaining that "the Bureau is not a HIPAA covered entity"). The Medical Center for Federal Prisoners is an entity within the Bureau of Prisons. The government has argued elsewhere that HIPAA does not apply to a prisoner's medical records from the Bureau of Prisons or to the testimony of medical personnel from the Bureau, because the Bureau is not a "covered entity" under HIPAA. *See* Response to Motion in Limine at 5-6, *Millbrook v. United States*, No. 18-cv-01962 (D. Colo. Mar. 21, 2022). (The Colorado pleading also says that the United States Department of Health and Human Services concurs in this view.) We see no basis to reach a different conclusion. The United States Attorney in this case offers only an assertion to the contrary with no citation, analysis of the statute or regulations, or explanation of the foregoing statements by the government.

For these reasons, we conclude that the briefs on appeal should be unsealed. We will adopt the suggestion of the parties to limit remote access to the briefs by analogy to Federal Rule of Appellate Procedure 25(a)(5).

\*     \*     \*

The judgment of the district court is affirmed. The clerk is directed to unseal the briefs in this case, but to limit remote electronic access to the parties and their attorneys.

_____